# FERDINAND VASSAULT v. FRANKLIN B. AUSTIN, MARY A. B. AUSTIN, AND MANSFIELD COMPTON.

ANSWER TO AVERMENT OF RECOVERY OF JUDGMENT.—If the complaint avers the recovery of a judgment against one of several defendants, the Court in which it was recovered, and the date and amount of the same, the defendants, in their answer, may deny the same upon information and belief.

PLEADINGS.—When the material facts alleged are presumptively within the knowledge of the defendant, he must traverse them, if he undertakes to do so, or must state how it is that he is without knowledge of such facts.

IDEM.—The recovery of a judgment is not presumptively within the knowledge of the defendants.

EXECUTION IN EVIDENCE.— An execution is not admissible in evidence without first introducing the judgment on which it was issued.

SHERIFF'S DEED AS EVIDENCE.—A Sheriff's deed is not admissible in evidence without first introducing the judgment which was the foundation of the Sheriff's authority to sell.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Lloyd Baldwin*, and *J. W. Dwinelle*, for Appellants.

Whatever may have been the result of the equitable issues, the plaintiff could not recover in ejectment, having neglected to give in evidence the judgment upon which his title was founded. In the law branch of the case the denials of Mrs. Austin, upon information and belief, are equivalent to the general issue, not guilty, in ejectment at common law. (*Simmons* v. *Sisson*, 26 N. Y. 370.) And when the general issue is pleaded, a party claiming under a Sheriff's deed cannot recover unless he give in evidence the judgment. An execution without a judgment gives the Sheriff no right to intermeddle with property. (*Jackson* v. *Hasbrouck*, 12 John. 213; *Smith* v. *Moreman*, 1 Mon., Ky., 154.)

The denial of Mrs. Austin, upon "information and belief," puts in issue the validity of the Barker judgment. The complaint alleges the recovery of a certain judgment, the answer denies it upon information and belief, and the Court below holds this form of denial to be an admission. We do not deny

the plaintiff's position, that as to facts within the personal knowledge of a defendant, denials must be positive and not on information and belief; but when he holds that the fact of judgment or no judgment was, or by any reasonable intendment could be, within the personal knowledge of Mrs. Austin, and therefore she must deny positively, we deny his minor. She had been the legal owner and in possession for nearly seven years, when papers were served upon her claiming that one Vassault had rights in the property. She immediately went to her attorney, gave him the papers, and followed his advice. Nothing more could be required of her. No Court could hold that it was her duty to go to the Clerk's office and inspect the rolls, nor could she determine even by such inspection whether a series of documents constituted a valid judgment, without an intimate knowledge of law. Must she then deny positively? I understand the rule to be that those who swear positively to that which they do not positively know, and those who swear to that which they know to be false, commit perjury alike.

In *The United States v. Langton, et als.*, 5 Mason, 280, the Court use the following language:

" The answers are not to be more rigidly or differently construed from what they would be in a bill in chancery. If the answers are not full, the plaintiff is at liberty to propound closer interrogatories; but he is not to charge parties upon a mere slip or mistake of certainty, or because they do not positively answer, what in conscience they do not positively know. The law would otherwise be a snare, which might entrap them to their ruin and involve them in a double responsibility."

In the text books, which I have particularly examined, the same rule is stated, that defendants must answer positively as to facts within their own knowledge, and the invariable example given is " as where the act was done by himself." (1 Daniell's Ch. Pr. and Pl., Perkins' Ed., 736; Story's Eq. Pl. Sec. 854; 1 Van Santvoord's Pl. 431.) And in the same con-

nection in each work I find, " but as to facts which have not happened within his own knowledge, he must answer as to his information and belief, and not as to his information merely, without stating any belief, either one way or the other."

This humane system of allowing a defendant to raise an issue without perjury was built upon one of Lord Clarendon's orders, as appears in Paige's Reports hereafter cited. In *Hall* v. *Bodily*, afterwards decided, the defendant was charged with having received money as trustee. He answered that he received no more than a certain amount mentioned, " to his remembrance," and it was held to be a good answer. (1 Vernon, 470.) In *Hall* v. *Wood*, 1 Paige, 407, the Chancellor uses language applicable to the present case: " Compelling a defendant to answer positively is a measure of doubtful policy, except with a view to a conviction for perjury," and " a positive answer, to a conscientious man, might appear very much like swearing to what he could not know." Plaintiff's counsel seems to have supposed that certain decisions in this Court sustained his position. In *Curtis* v. *Richards et al.*, 9 Cal. 33, the answer is held insufficient; but there the denial was that defendants have no knowledge or information sufficient to form a belief," etc. Mr. Justice Field says: " There are but two forms in which a defendant can controvert the allegations of a verified complaint, so as to raise an issue: First, positively, when the facts are within his own personal knowledge; and secondly, upon information and belief, when the facts are not within his own personal knowledge," and he adds: " In no case can an allegation of the complaint be controverted by a denial of sufficient knowledge or information upon the subject to form a belief." In *Humphreys* v. *McCall*, 9 Cal. 59, the answer was, " and defendants deny, for want of information to enable them to admit the sale," etc. Mr. Justice Burnett says: " The answer in this case says nothing about the *belief* of the defendants. It does not deny that defendants had any information, but simply avers a want of information to enable them to admit, not believe, the alleged fact. The object of the statute is to sift the conscience of the defendant, and

obtain from him his *belief*. He must answer according to his belief, whether that belief be founded upon sufficient or insufficient information. The word ' belief,' as used in the statute, is to be taken in its ordinary sense, and means the actual conclusion of the defendant, drawn from information." In the *Gas Company* v. *San Francisco*, 9 Cal. 453, the principal question was whether a municipal corporation should be held to the same strictness in denials as a natural person, but that decision affords no authority for the ruling in this case, since the language used was, " this defendant has no knowledge or information," etc.

The New York code allows denials of " any knowledge or information sufficient to form a belief," and the contest was whether that form should be introduced into this State. These cases in the 9 Cal. having established the doctrine that such denial, although good under the New York code, raised no issue under ours, the bar seem to have settled down upon the principle of those cases ; at least I find no further controversy concerning it in the California Reports, except in *Caulfield* v. *Sanders*, 17 Cal. 571, where a denial " to the best of defendant's knowledge and belief" seems to have been held good. We now come to a period subsequent to February, 1863, that is, subsequent to the time of filing the answers in this case. In *Nelson* v. *Murray*, 23 Cal. 338, the syllabus might lead a superficial observer into the error that a denial upon information and belief was insufficient. An examination, however, will show that the syllabus is unsupported by the opinion. Plaintiff avers that the *Board of Supervisors* made a *certain order* establishing a certain road ; defendant denies, upon information and belief, that the *Court of Sessions established or opened* a road, etc. The case deserves no further comment. In *Brown* v. *Scott*, 25 Cal. 189, the Court do nothing more than adopt the principle of Lord Clarendon's order, that " an answer to a matter charged as the defendant's own act must be direct, without saying that it is to his remembrance, or as he believeth, unless the Court, upon exception taken, shall find special cause to dispense with so positive an answer."

Defendant strives to avoid the issue by stating on information and belief that his *promise* was without consideration, because the judgments assigned to him were void, and the Court say: " He certainly is not in a position to object that these judgments were of no value to him, when, as a fact, they were received in payment of a sum due from him on his purchase, equal to the amount they represented." Again, he denies on information and belief that the judgments were ever assigned to him. This is insufficient, because he is speaking of his own act. He then denies in the same form that the Sheriff's sale was on executions issued on certain judgments described in the complaint, although he himself was the purchaser at such sale. These facts clearly explain the language of the Court on page one hundred and ninety-six of the opinion, which is in complete harmony with the authorities cited by appellants herein. In *Thompson* v. *Lynch*, 29 Cal. 191, the clause of the answer was: "And on information and belief he avers that no such deed or deeds were ever executed." The Court say: " This we think puts the existence of those conveyances in issue." Thus it is finally settled that a denial on information and belief may be good.

*Edward Tompkins*, for Respondent.

It was not necessary to prove the judgment, because it was admitted by the answer. The fact was one which it was easy for Mrs. Austin to ascertain with absolute certainty. The law knows no difference in suitors, and makes no discrimination in the rules it applies to them. (*San Francisco Gas Company* v. *San Francisco*, 9 Cal. 467.) The " information and belief" might be held to be sufficient, and yet the defects in the answer would not be remedied. The complaint alleges as the statute permits, that " the judgment was duly rendered." If the defendant denies that it was *duly* rendered, then the plaintiff must prove it. The answer is in these words: " Upon *information* and *belief,* she denies the recovery of *the said judgment,* in the *said* Superior Court of the City of San Francisco."

There are several reasons why this was no denial of the allegations of the complaint. It does not say that it is the judgment described in this complaint that is denied, and it is in no way identified, except as " the said judgment; " " said " in what? It is easy to answer that it of course was intended to refer to the judgment in the complaint. Then it should be so specified, and not be left to construction that might be used to mislead. The next denial is of " the recovery of the said judgment." That does not follow the statute that required her to deny that it was " duly rendered " in order to put the plaintiff upon proof. But beyond this, it is not a specific denial of the statements of the complaint. The denial might be true, and yet every substantial allegation of the plaintiff be true also. Denying " the recovery of the said judgment," may mean that there is a trifling mistake in the plaintiff's name, or a penny's error in the amount, or a day in the date, or any other trifling mis-description, and so the object of the law, " to probe the conscience of the defendant," would be entirely defeated. We have not followed through the several cases cited by appellant upon this point, for the reason that the cases *that do not apply here* are not those in which we have any present interest. We are content to judge them all by the one cited as finally settling that a denial upon information and belief is good—that of *Thompson* v. *Lynch*. There is another reason why this answer and the proposed amended answer are alike wholly insufficient. The complaint alleges the rendition of a judgment against the defendant, F. B. Austin, by a Court of competent jurisdiction, and states the character of the judgment, and that plaintiff claims title under it. In such a case, " *if the judgment can be attacked collaterally, the answer must specify the points of its invalidity.*" This is the rule laid down most emphatically in the case of *The People ex rel. the Pacific Railroad Company* v. *Supervisors of San Francisco*, 27 Cal. 655, where the views urged by the counsel for the relators were to a large extent sustained by the Court. We apprehend that our learned friend, the senior counsel for

appellant, *will have no disposition to question the correctness of that decision.*

By the Court, CURREY, C. J.:

The plaintiff brought his action of ejectment against Austin and his wife for a lot of land in San Francisco, with which he united a suit in equity against them and one Mansfield Compton, the object of which was to obtain a decree of the Court declaring certain conveyances investing Mrs. Austin with the title to said land fraudulent and void, and further declaring that she had no interest in the premises as against the plaintiff, and enjoining her perpetually from setting up or claiming any right, title or interest therein. From the part of the complaint setting forth the facts upon which equitable relief is sought, it appears that in March, 1856, Austin and his wife executed a deed of conveyance of the premises in controversy to Compton, which the plaintiff charges was without consideration, and made to delay, hinder and defraud creditors. That in June, of the same year, Compton, by the direction of F. B. Austin, without any consideration therefor, conveyed the same premises to Mrs. Austin, who, since then, has pretended to claim and hold said premises as her separate property. It further appears from the complaint that on the 25th of August, 1856, Abner H. Barker recovered a judgment in the Superior Court of the City of San Francisco against the defendant, F. B. Austin, for a sum amounting to nearly three thousand dollars, which remains " unreversed and unsatisfied;" and that on the 26th of November, 1860, an execution was issued on such judgment to the Sheriff of the City and County of San Francisco, who levied upon the property, and afterwards, on the 19th of January, 1861, sold the same to G. W. Ryckman, to whom a certificate of sale was given; and thereafter, on the 6th of December, of the same year, a deed was executed and delivered by such Sheriff to said Ryckman, who, on the 24th of February, 1862, conveyed the premises to the plaintiff. The complaint was duly verified.

Compton was served with the summons and a copy of the complaint, and having failed to answer, his default was entered. Austin and his wife appeared and filed separate answers duly verified. The only portion of these answers to which it is important to refer, is in relation to the traverse of the recovery of the judgment in the Superior Court by Barker against F. B. Austin as alleged in the complaint. It was the same in both answers. They each denied upon information and belief, " the recovery of the said judgment in the Superior Court of the City of San Francisco ; the issue of execution on such judgment as set forth in the said complaint; the sale of said lands upon such execution ; the issue of said certificate of the said sale to the said Ryckman ; the execution and delivery of the said deed of said lands by the said late Sheriff to the said Ryckman ; the conveyance of the said lands by the said Ryckman to the said plaintiff." There is no controversy respecting the sufficiency of the answers as full traverses of the matters of the complaint except as to the portion of the same above set forth in *hæc verba*.

When the cause came on to be tried the plaintiff's counsel read the complaint to the Court, and then stated that the defendants' answers respectively admitted all the material allegations of the complaint—that is, the recovery of the judgment, the issue of execution, the Sheriff's sale under the execution, the Sheriff's deed to Ryckman, the conveyance by Ryckman to the plaintiff, the plaintiff's ownership of the property, and the ouster of him by the defendants, Austin and wife, and the monthly value of the premises. The answers were then read and the Judge of the Court intimated that his opinion was in accordance with the position of the plaintiff's counsel, but did not then decide the point. An application was afterward made for leave to amend the answer so as to obviate the objections made on the part of the plaintiff, but was denied, and the trial then proceeded.

The plaintiff offered in evidence an execution upon the judgment therein recited, obtained in said Superior Court in favor of Abner H. Barker, against Franklin B. Austin, with

the Sheriff's return thereon, which was the same execution and return set forth in that behalf in the complaint.   To this evidence the defendants objected on the ground that the judgment upon which the same purported to have been issued had not been given in evidence.   The Court overruled the objection on the ground that the judgment was admitted by the answers, and received the execution and return in evidence, to which decision the defendants severally excepted.   The plaintiff then offered in evidence a deed of the lands in controversy, executed by the Sheriff to Ryckman, bearing date the 6th of December, 1861, which was recorded on the 8th of March, 1862, which deed described the judgment as "a judgment recovered in the late Superior Court of the City of San Francisco on the 25th day of August, A. D. 1856, in favor of Abner H. Barker and against Franklin B. Austin."   In connection with this, the defendants admitted that said deed was in all other respects perfect in form and substance, as alleged in that behalf in plaintiff's complaint; but they objected to said deed being read in evidence on the following grounds :

First—That the alleged judgment on which said deed purported to be founded had not been given in evidence.

Second—That said judgment was not sufficiently described in said deed.

The Court overruled the objection and thereupon the deed was received in evidence, to which decision the defendants then and there excepted.   The deed from Ryckman to the plaintiff was then given in evidence.

The parties respectively then submitted to the Court other evidence, which it is not of use to notice; and in conclusion the Court rendered a finding and judgment in the plaintiff's favor.   A motion for a new trial was made in due time, which was denied, and then the defendants, Austin and wife, appealed.

The plaintiff united in the same complaint an action at law against the defendants Austin and wife, and a suit in equity against them and the defendant Compton.   No objection to this course of proceeding was made by the defendants, and

therefore we are not called upon to decide upon the question of its propriety. The legal title to the land in controversy appearing to be in Mrs. Austin, it was necessary for the plaintiff to appeal to the equitable jurisdiction of the Court to obtain a decree declaring the conveyances made by Austin to Compton, and by Compton to Mrs. Austin, fraudulent and void, in order to disincumber the case of the ostensible title of Mrs. Austin, which, if valid, was superior and paramount. And in order to show that the plaintiff had the right to attack the conveyances through and by which Mrs. Austin acquired the title to the land as fraudulent and void, it was indispensable for him to establish a relation on his part to the true title by means of the judgment against Austin and the sale and conveyance of the property under and by virtue of such judgment and his own acquisition of the title transferred under and by means of it. Therefore he set forth and alleged in his complaint in equity his title and the means by which Austin, the husband, became divested of it, and how the plaintiff became invested with it. The means set forth consisted of a judgment obtained by Barker against Austin in the Superior Court of the City of San Francisco, and an execution issued thereon under which the property was sold and conveyed to Ryckman, and the conveyance from Ryckman to the plaintiff. The existence of the judgment pleaded, the defendants Austin and wife severally attempted to controvert, but instead of doing so positively, they denied the existence of such a judgment on information and belief. If the issue thus sought to be made was effectual, then there is no doubt the Court erred in the admission of the evidence, depending upon the existence in fact of the judgment described in the complaint. Then the question to be decided in the first instance, is, whether the denial by the defendants upon information and belief, that Barker recovered the judgment against Austin, was effectual. If it was, then it put in issue the allegation of the complaint, which it was designed to controvert.

The forty-sixth section of the Practice Act provides, that, if the complaint be verified, the answer shall contain a specific

denial of each allegation controverted by the defendant, or a denial thereof according to his information and belief. It has been a rule of the Courts to require an answer to a verified complaint to be positive in form, in order to put in issue a material allegation of the complaint, provided the defendant is presumed to possess a knowledge respecting the fact alleged ; but, if he is not able to answer positively, in such case he must by a proper statement of facts or circumstances over-come the presumption of knowledge on his part, which being done, his answer on information and belief will be deemed all that the law requires. (*Brown* v. *Scott*, 25 Cal. 194; *Humphreys* v. *McCall*, 9 Cal. 59.) The plaintiff's position at the trial, which the Court sustained, necessarily proceeded upon the hypothesis that the defendants, Austin and wife, knew whether or not Barker recovered a judgment against Austin as alleged in the complaint, and that, possessing such knowl-edge, they were bound to state it in positive terms if they said anything about it. This position would seem to be of more force against the husband than as against the wife, because he was a party to the action in which the judgment was obtained, as alleged by the complaint, while she was not. But it does not follow, that because the allegation was that Barker obtained a judgment against Austin, the latter must be pre-sumed to know whether such allegation was true or untrue, because a judgment in form, is sometimes obtained without any knowledge of the defendant respecting it. If the defend-ants did not know that such a judgment had been obtained, or the contrary, it was their duty to make the necessary inquiries, that they might be able to determine whether they could deny in any form the existence of the judgment described in the complaint, or whether they must admit it, either in terms or by implication, from their silence. The natural course to be pursued in such a case would be, either to call upon the custo-dian of the records of the Court, in which it was alleged the judgment was recovered, and inquire of him if there was such a judgment, or to employ some person more learned or competent than themselves to make the proper inquiries and

investigations; and whether they might be informed by the one or the other of such persons of the truth of the matter, might make no particular difference.   Assuming that they adopted the usual means for acquiring information on the subject, and that they became informed, such information was founded on statements or representations of the person or persons of whom they inquired.   Still they were, for aught that appears, without knowledge whether such a judgment was recovered, but being informed that there was no such judgment and believing the information, they might, predicating their respective answers upon such information and belief, deny that any such judgment was recovered.

It is difficult to define with more exact precision when an answer should be positive in its denials, than to say that when the material facts alleged in the complaint are presumptively within the knowledge of the defendant he must traverse them, if he undertakes to do so at all, directly and positively, or he must show how it is that he is without knowledge of such facts.   In the case under consideration, we are of opinion the presumption did not arise, that the defendants knew that a judgment had been recovered by Barker against Austin, or the contrary, and, consequently, that they might deny the recovery of such a judgment upon information and belief.

We have said nothing, and do not intend that any inference shall be drawn from our silence, respecting the validity or invalidity of the judgment in form which was exhibited to the Court below on the motion for leave to amend the answers. It is not agreed by counsel for the respective parties that such judgment is properly before us for consideration, and the question of the jurisdiction of the Superior Court over the person of the defendant in that case has not been discussed by counsel in the submission of this case, and we deem it proper to dispose of the appeal upon the point considered, as such point is the only one now necessary to be decided.

Judgment reversed and a new trial ordered.

Mr. Justice SANDERSON did not express any opinion.