## THE PEOPLE, RESPONDENTS, v. THOMAS J. CURTIS, APPELLANT.

QUO WARRANTO—DISTRICT COURT—JURISDICTION.—An action for the usurpation of an office, in the nature of *quo warranto*, brought in the name of the people, on the territorial side of the district court, for the removal of a county officer, is properly brought.

PLEADING—ANSWER—DENIALS UPON INFORMATION AND BELIEF.—A denial in an answer of the material averments of the complaint, upon information and belief, is sufficient to raise an issue to be tried, if the facts are not within the personal knowledge of the answering defendant.

QUALIFICATIONS TO HOLD OFFICE.—If a person elected to a county office is not qualified to hold and enter into the same, at the time fixed by law therefor, the office is vacant and may be filled by appointment.

APPEAL from the second judicial district, Ada county.

*Brumback & Cahalan,* for the appellant.

*Huston & Gray,* for the respondents.

48

MORGAN, C. J., delivered the opinion, PRICKETT, J., concurring.

This is an action brought by the people of the United States in the territory of Idaho, on the relation of W. W. Glidden, against Thomas J. Curtis, to test the right of the said Curtis to hold and exercise the duties of the office of probate judge of Ada county, in the territory of Idaho. The complaint states substantially as follows, to wit: That on the fifth day of November, A. D. 1878, an election was held in the county of Ada, in the second judicial district of the said territory of Idaho, for the office of probate judge of said county of Ada. That at said election, the said Thomas J. Curtis received the greatest number of legal votes for the said office of probate judge. That said Curtis was not then qualified to hold said office, nor has he since become so qualified, for the following reasons:

1. That said Curtis, on the fifth day of November, A. D. 1878, was a member of the legislative assembly of Idaho territory, having been elected to said position on the seventh day of November, A. D. 1876, for the period of two years, from the fourth of December, A. D. 1876. That at the ninth session of the legislative assembly of said territory, which convened at Boise city, the capital of said territory, on the fourth day of December, 1876, and of which the said Curtis was a member, an act was passed, entitled, an act fixing the salary of the probate judge of Ada county, and providing for the payment of the same, which act, by its provisions, increased the emoluments of said office of probate judge of said county, in the sum of about four hundred dollars per annum, from and after the passage of said act. That said act was approved January 12, 1877, and was, by its provisions, to be in force from and after its passage. That the said defendant did, on the seventh day of January, 1879, usurp said office, and has ever since, and still does, wrongfully and illegally hold the same.

To which defendant answers as follows:

1. Upon information and belief defendant denies that the emoluments of the office of probate judge of Ada county, Idaho territory, have been increased by any law

passed by the ninth session of the legislative assembly, in the sum of four hundred dollars, or any other sum. Defendant also alleges that on or before the fifteenth day of December, A. D. 1877, the defendant removed from Alturas county, Idaho territory, and from and after said date ceased to be a resident of Alturas county in said territory, and by virtue of the law in such case made and provided, the defendant, from and after said fifteenth day of December, A. D. 1877, ceased to be a member of the legislative assembly of Idaho territory.

This answer was verified by the affidavit of the defendant, upon information and belief as to matters stated in answer upon information and belief. Upon the filing of the answer in the court below, counsel for the prosecution entered a motion to strike out the answer and for judgment on the pleadings; assigning as a reason in support of said motion that the answer was not sufficient, the denial being made upon the information and belief of the defendant. The court sustained the motion and gave judgment on the pleadings.

Defendant brings the case by appeal to this court, and, among others, assigned the following for error: 1. The territorial side of the court and the territorial officers have no jurisdiction. 2. The court erred in sustaining plaintiff's motion to strike out defendant's answer and for judgment on the pleadings. 3. The judgment of ouster should not have been extended beyond the fourth of December, 1879. These questions will be examined in their order.

The manner and method of the election of the probate judge, his term of office, and the time when he shall enter upon the duties thereof, are all provided for by the statutes of the territory. (Rev. Stat., sec. 3, p. 684; Id., sec. 35, p. 693.) His salary and fees are paid by the county for which he is elected, and by the people thereof. His jurisdiction is confined to the limits of the county in and for which he is elected. The method of testing the eligibility and the qualification of the person who assumes the duties of the office of probate judge is provided by the laws of this territory. He is in every sense a county officer. The case

referred to by counsel for defendant, *Territory* v. *Lockwood,* 3 Wall. 236, does not support the position assumed by the defense.    That was a case brought in the name of the *Territory of Nebraska ex rel. Eleazor Wakely,* to test the right of the defendant Lockwood to hold and exercise the duties of the office of associate justice of the supreme court of said territory, and the court hold that the judges of the supreme court of the territory of Nebraska are appointed by the president, under the authority of the laws of the United States.    The people of the territory have no agency in appointing them and no power to .remove them.    That therefore a suit brought in the name of the territory to remove one of them was improperly brought.

The conclusion is irresistible, that a suit brought in the name of the people of the territory, on the territorial side of the court, for the removal of a county officer, is properly brought.    The next question to be considered by the court is as to whether a denial of the material allegation of the complaint upon information and belief, is a sufficient denial, or whether such denial should have been positive and specific.    The authorities are clear, that if the facts set forth in the answers are within the personal knowledge of the defendant, then the denial should be specific and positive.    On the contrary, if the facts upon which the denial in an answer is based must be ascertained by inquiry from other persons, or by examination of, or computation from, books and records, may be within the custody and control of the defendant, then a denial upon information and belief is sufficient.    (*Vassault* v. *Austin,* 32 Cal. 607, and cases there cited.)

The fact as to whether the compensation of the probate judge of Ada county was increased by the law in question, could only be ascertained by the defendant by an examination of the records of his predecessor.    It is indeed doubtful if he could by that means ascertain what the prior incumbent had received from the county as fees, as there seems to be no law compelling the probate judge to keep an account of the fees received by him from the county.    He must finally, we think, have been obliged to go to the rec-

ords of the county commissioners to ascertain what fees had been allowed and paid to his predecessor. The facts could only have been ascertained by an examination of records possibly within his reach, but not such as he would be presumed to know the contents of.

The court is of the opinion therefore, that the denial of the material averments in the complaint "upon information and belief," was sufficient to raise an issue, which should have been tried by the court. As to the judgment of ouster, section 1854, revised statutes of the United States, is substantially as follows: No member of the legislative assembly of any territory now organized, shall hold or be appointed to any office which has been created, or the salary or emoluments of which have been increased, while he was a member, during the term for which he was elected and for one year after the expiration of such term. If, therefore, the salary of the probate judge of Ada county had been increased by the assembly of which defendant was a member, he would be ineligible to hold said office for three years from the fourth day of December, A. D. 1876.

By the provisions of section 35, of the act relative to elections (revised statutes, p. 693), all county officers are required to enter upon the duties of their respective offices on the first Monday in January following their election.

If, therefore, the defendant was not qualified to enter upon the duties of the office of probate judge of said county, on the first Monday of January, 1879, the said office would become vacant, and the vacancy might be filled in accordance with the provisions of sections 45 of the last-mentioned act, and the office to be again filled at the next general election as provided by law.

We are of the opinion, therefore, that the court below erred only in sustaining motion of the counsel for the prosecution, to strike out defendant's answer and giving judgment on the pleadings.

Judgment of the court below reversed and the cause remanded for trial upon the issues made by the pleadings.