IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## EASTERN DIVISION.

KNOXVILLE, SEPTEMBER TERM, 1915.

J. H. HOGAN *v.* HAMILTON COUNTY *et al.*

(*Knoxville.* September Term, 1915.)

1. **OFFICERS. Eligibility. Constitutional and statutory provisions. Defaulter.**
Under the express provisions of Const., art. 2, sec. 25, and Shannon's Code, sec. 1069, the election of a defaulter in the payment of State revenue to the office of clerk of the county board of road commissioners was absolutely void. (*Post, pp.* 556, 557.)

Cases cited and approved: Newman v. Justices of Jefferson County, 25 Tenn., 41; Pearce v. Hawkins, 32 Tenn., 88; Mayor and Aldermen of Memphis v. Woodward, 59 Tenn., 499.

Code cited and construed: Sec. 1069 (S.).

Constitution cited and construed: Art. 2, sec. 25.

2. **OFFICERS. De facto officer. Rights.**
The fact that one whose election as clerk of a county board of road commissioners was absolutely void was permitted by the

Hogan v. Hamilton County.

county court to take the oath and to give bond added nothing to his rights, and he merely became a *de facto* officer and could assert no rights. (*Post, pp.* 556, 557.)

3. **OFFICERS.** **"De jure officer."** **Right to compensation.**
The clerk of a county board of road commissioners entitled to hold over under the constitution, after the void election of his intended successor, was the "*de jure* officer" entitled to serve and to receive the salary of the office. (*Post, pp.* 556, 557.)

4. **ELECTIONS.** **Contest.** **Jurisdiction.** **Chancery.**
The Chancery Court has no jurisdiction of a bill brought to contest the election of the one receiving the highest number of votes, on the ground of his ineligibility, or to declare the election void. (*Post, pp.* 557, 558.)

Case cited and approved: Adcock v. Houk, 122 Tenn., 269.

5. **OFFICERS.** **Action for salary.** **Evidence.** **Right to office.**
In a suit against a county for salary due the clerk of the board of road commissioners, plaintiff might show that the person who had been nominally elected as his successor, and who had given bond and taken the oath of office was a defaulter, and hence not a *de jure* officer, but only a *de facto* officer. (*Post, p.* 558.)

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County.—W. B. GARVIN, Chancellor.

S. H. FORD, LEWIS SHEPHERD and ALLISON, LYNCH & PHILLIPS, for appellants.

J. H. EARLY and W. B. SWANEY, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

Complainant was clerk and member of the board of public road commissioners of Hamilton county, with a term beginning the first Monday in September, 1912, and running to the first Monday of September, 1914, and until his successor should be elected and qualified. At the August election, 1914, one Joe N. McCutcheon received the highest number of votes, obtained a certificate of election, presented himself to the county court, and was permitted to take the oath and execute bond for the office. He thereupon demanded the possession of the books, papers, etc., from Hogan. The latter refused to surrender the office, or the books and papers. McCutcheon, after coming to the office a few days, desisted; an injunction having been sued out against him by Hogan. Hogan's refusal to surrender the office was based on the fact that McCutcheon had been clerk of the county court and had defaulted in the payment of State revenue, and still remained a defaulter on the day he was elected clerk. Hogan held the office until it was abolished by the legislature of 1915. During this time a salary of $1,050 accrued, but the county refused to pay it. When two months had elapsed Hogan sued for the amount then due, but subsequently filed an amended bill in which he claimed for the whole time. The question is whether the county can be compelled to pay this salary. In our judgment this question should be decided in the affirmative.

It is fully proven, and not denied, that McCutcheon was a defaulter as previously stated. In view of this fact, his election was absolutely void under the Con-

Hogan v. Hamilton County.

stitution, article 2, section 25, and under Shannon's Code, section 1069. The fact that he was, by the county court, permitted to take the oath and give bond, added nothing to his position. He simply became a *de facto* officer, and could assert no rights. *Newman* v. *Justices of Jefferson County,* 6 Humph., 41; *Pearce* v. *Hawkins,* 2 Swan., 88, 57 Am. Dec., 54. Hogan, being the *de jure* officer by virtue of his right to hold over under the constitution, was entitled to serve in the office and to take all of its emoluments. Even if McCutcheon had undertaken to perform the duties of the office, and had collected the salary, this would not have relieved the county from the duty to pay Hogan, the rightful officer. *Mayor and Aldermen of Memphis* v. *Woodward,* 12 Heisk. (59 Tenn.), 499, 27 Am. Rep., 750. There was therefore no error in the chancellor's action in rendering a decree in favor of Hogan and against the county.

There was another case argued at the present term, brought by Hogan against McCutcheon, wherein complainant sought to enjoin McCutcheon from taking the office. It was properly held in an opinion filed by Mr. Special Justice Franz that the chancery court had no jurisdiction, since the bill referred to was but an effort to contest the election of McCutcheon; the ineligibility of a person having the highest number of votes being one ground of contest in order that the election may be declared void, as shown by well known cases in this State. The chancery court has no power to entertain

jurisdiction of a contested election controversy. *Adcock* v. *Houk*, 122 Tenn., 269, 122 S. W., 979.

The case now before us for decision is not in any sense an election contest, but a direct suit against the county for salary due. In such a case the fact may be proven that the person who was nominally elected, and who gave bond and took the oath of office, was a defaulter, and hence not a *de jure* officer, but only an officer *de facto*. Such proof being made, the consequences already mentioned naturally follow.

It results that the decree of the chancellor must be affirmed, with costs.