STATE *ex rel.* CAREY *v.* BRATTON *et al.**

(*Jackson.* April Term, 1923.)

1. **ELECTIONS.** Appointment to fill vacancy on election board continues only until general assembly elects successor.

Under Acts 1909, chapter 103, section 3, providing for the election of members of the State board of elections by the general assembly for terms of six years, one to expire each two years, and providing that vacancies shall be filled by joint vote of the general assembly unless they occur when the assembly is not in session, when they shall be filled either by the remaining members of the board or by a majority of other officers to hold until the convening of the general assembly, a member of the board who was appointed to fill a vacancy by the other members held only until the convening of general assembly, and not for the full term of six years from his appointment, which would contravene the provision regulating the terms so as to retire a member biennally. (*Post p.* 178, 179.)

Cases cited and approved: State v. Trewhitt, 113 Tenn., 561; State v. Malone, 131 Tenn., 149; Baker v. Kirk, 33 Ind., 517; State ex rel. v. Howell, 50 L. R. A. (N. S.), 339; State v. Chapin, 110 Ind., 272.

2. **OFFICERS.** Membership on state election board is an "office" to which member of assembly is not eligible.

Within Constitution article 2, section 10, providing that no senator or representative shall, during the term for which he was elected, be eligible to any office the appointment to which is vested in the executive or the general assembly, an "office" is a public charge or employment, the duties of which are prescribed by law, and he who performs the duties is an officer, and therefore a member of the general assembly is not eligible to election by the assembly to the state board of elections, whose duties are prescribed by law. (*Post, pp.* 179, 180.)

---

*On term of office of one appointed or elected to fill vacancy, see note in 50 L. R. A. (N. S.), 336.

State ex rel. v. Bratton.

Cases cited and approved: Day v. Sharp, 128 Tenn., 346; Lewis v. Watkins, 71 Tenn., 183; U. S. v. Maurice, Fed. Cas. No. 15,747.

Constitution cited and construed: Art. 2, sec. 10.

3. **OFFICERS.** Election of ineligible person is void.

The election of one declared ineligible to office by Constitution article 2, section 10, is void, since that provision not only prohibits the election, but incapacitates the officer, if elected in violation of the mandate, to hold the office. (*Post, p.* 180, 181.)

Cases cited and approved: Colville v. Neal, 32 Tenn., 89; Lewis v. Watkins, 71 Tenn., 181; Day v. Sharp, 128 Tenn., 340; Hogan v. Hamilton County, 132 Tenn., 554; McLean v. State, 55 Tenn., 22; Pucket v. Bean, 58 Tenn., 600; Patterson v. Miller, 2 Metc. (Ky.), 493; Demaree v. Scates, 50 Kan., 275; People v. Curtis, 1 Idaho, 753.

4. **ELECTIONS.** Ad interim appointee to state election board holds over after void election of ineligible member.

Under Acts 1909, chapter 103, section 3, providing that all members of the board of election shall continue in office until their successors are elected and qualified, a member of the board appointed by the other two members to fill a vacancy while the general assembly is in session holds over after the general assembly met and elected one of its own members to fill the vacancy, contrary to Constitution, article 2, section 10. (*Post, pp.* 181, 182.)

Cases cited and approved: Hogan v. Hamilton County, 132 Tenn., 557; State v. Spears (Tenn. Ch. App.), 53 S. W., 247; State v. Malone, 131 Tenn., 149; Baker v. Kirk, 33 Ind., 517; Thompson v. Holt, 52 Ala., 491; State v. Lusk, 18 Mo., 333; State v. Howe, 25 Ohio St., 588; Pople v. Curtis; 1 Idaho, 753; State v. Wilson, 72 N. C., 155; Commonwealth v. Hanly, 9 Pa., 513.

Constitution cited and construed: Art. 7, sec. 5.

5. **OFFICERS.** Injunction issues to protect de jure officer's possession pending determination of title.

While a suit for injunction cannot be maintained as an action to determine the title to an office or to secure possession of an office

injunction may issue pending a peaceful determination of the question of title to restrain the claimant from interfering with the possession of a *de jure* incumbent. (*Post, pp.* 182, 183.)

6. **MANDAMUS.** Not issued to compel acts which respondents had not refused to perform.

Mandamus will not issue to compel the other members of the state election board to recognize relator as a member of the board, where there was no charge that the other members, had excluded relator from any meeting or denied him any right, or that they owed him any duty which they had failed or refused to meet. (*Post, p.* 183.)

7. **OFFICERS.** Will not lie to prevent person in office from exercising functions.

Injunction will not lie to prevent the person in office from exercising his functions, pending proceedings to determine the right to the office, nor to enjoin election officers from issuing a certificate of election, or to prevent public officers from assuming their functions. (*Post, pp.* 183, 184.)

Cases cited and approved: State v. Grindstaff, 144 Tenn., 561; Hogan v. Hamilton County, 132 Tenn., 554; Adcock v. Houk, 122 Tenn., 269.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County.— HON. JNO. R. AUST, Chancellor.

H. N. LEECH, for appellants.

W. E. NORVELL, JR., F. H. GAILOR and ALVIN ZEIGLER, for appellee.

MR. JUSTICE COOK, delivered the opinion of the Court.

State ex rel. v. Bratton.

This is a proceeding to compel recognition of John C. Carey as a member of the State board of elections, and to restrain Sam R. Bratton from assuming the position.

John C. Carey was appointed November 29, 1921, to fill a vacancy caused by the death of Bate Bond. The vacancy was filled by the surviving members of the board exercising power conferred upon them by section 3 of chapter 102 of the Acts of 1909, as follows:

"That the terms of office of the members of the State board of elections first elected as hereinbefore provided shall be for two (2), four (4), and six (6) years, respectively, from the first day of April, 1909. The term of each member of the first board shall be fixed when he is elected by joint vote of the general assembly as hereinbefore provided, and thereafter the term of the member elected at each recurring biennial session of the general assembly shall be for six (6) years from the first Monday of April succeeding his election. All members of said state board of elections shall continue in office until their successors are elected and qualified, and all elections of successors to the first board, or to fill vacancies in that or any subsequent board, shall be *bona-fide* members of the same party to which the member whose successor is to be elected or the member causing the vacancy belonged. All vacancies shall be filled as in the first instance by joint vote of the general assembly, except vacancies occurring when the general assembly is not in session, when if the office of only one member is vacant an appointment to fill such vacancy shall be made by the remaining members of the board within thirty (30) days after the vacancy occurs; and, provided, further, that in the event the remaining commissioners fail to fill the appointment within the

748 Tenn.—12

time mentioned, the same shall be filled by the secretary of State, comptroller, and treasurer, or a majority from the same party in which the vacancy occurred, to hold until the convening of the general assembly; but if there be more than one vacancy on said board, the same shall be filled by appointment of the secretary of state, comptroller, and treasurer, or a majority of those officers."

It is insisted that petitioner's appointment by the remaining members of the board was for the term of six years. This contention runs counter to the provisions of the act which regulates the terms so as to retire a member biennally. If adopted, it would destroy the uniformity of retirement and succession, and make succession dependent upon the caprice or pleasure of the members of the board who through an easily devised method of resignations and appointments could altogether denude the legislature of its power of electing members.

The apparent confusion of authority in cases involving tenure and succession in office springs from the varied constitutional and statutory provisions relating to the subject. Each case is controlled by its particular statutory or constitutional provision.

The act creating this board makes specific provision for filling the vacancy from its occurrence until the primary election power, the general assembly, may meet and elect. The act reserves the power of appointment to the general assembly, and the authority conferred upon the remainelective power, the general assembly, may meet and elect. upon the comptroller, treasurer, and secretary of State, is limited to *ad interim* appointments to vacancies occurring when the general assembly is not in session, and cannot for the time being exercise the power of appointment. The

phrase "to hold until the convening of the general assembly," under the proviso of section 3 of the act, relates to the action of "the remaining members of the board" as well as to that of the comptroller, treasurer, and secretary of State. It was not intended that appointment by two members of the board should be for a term of six years, and appointments by the comptroller, treasurer, and secretary of State only until the meeting of the general assembly.

The language of section 3 is plain and free from ambiguity, and controls. The tenture of petitioner, therefore, began when the board elected him, and would end when the general assembly convened and appointed a successor. *State* v. *Trewhitt,* 113 Tenn., 561, 82 S. W., 480; *State* v. *Malone,* 131 Tenn., 149, 174 S. W., 257; *Baker* v. *Kirk,* 33 Ind., 517; *State ex rel.* v. *Howell,* 50 L. R. A. (N. S.), 339 note; *State* v. *Chapin,* 110 Ind., 272, 11 N. E., 317; 29 Cyc., 1402.

The general assembly met the first Monday of January, 1923, and in joint session on the 28th day of February, 1923, elected Sam R. Bratton. It is insisted by petitioner that Mr. Bratton, a member of the general assembly from Obion county when chosen, was not eligible to membership on the board.

Section 10 of article 2 of the constitution provides: "No senator or representative shall, during the time for which he was elected, be eligible to any office or place of trust, the appointment to which is vested in the executive or the general assembly, except to the office of trustee of a literary institution."

Under this provision of the constitution, Mr. Bratton was not eligible to any office to be filled by the general

assembly. It is insisted by respondent that a position on the state board of elections is not an office within the meaning of article 2, section 10.

An "office" is a public charge or employment, the duties of which are prescribed by law, and he who performs the duties is an officer. *Day* v. *Sharp*, 128 Tenn., 346, 161 S. W., 994; 29 Cyc., 1361-1367.

Positions which by article 2, section 10, of the constitution legislators are forbidden to hold, are such as impose duties prescribed by law, and not by contract. *Lewis* v. *Watkins*, 3 Lea, 183 *U. S.* v. *Maurice*, Fed. Cas. No. 15,747, 2 Brock., 102.

Every duty required of the state board of elections is regulated and controlled by law, and a position on the board is an office within the meaning of this section of the constitution, and a member of the general assembly would not be eligible to the office.

The election of one declared ineligible to office by the constitution has been uniformly held to be void. *Colville* v. *Neal*, 2 Swan, 89; *Lewis* v. *Watkins*, 3 Lea, 181; *Day* v. *Sharp*, 128 Tenn., 340, 161 S. W., 994; *Hogan* v. *Hamilton County*, 132 Tenn., 554, 179 S. W., 128; *McLean* v. *State*, 8 Heisk., 22; *Pucket* v. *Bean*, 11 Heisk., 600.

And a person constitutionally ineligible cannot become the lawful incumbent of an office, although he might, where there is no obstruction in the way, enter upon the discharge of its duties. *Patterson* v. *Miller*, 2 Metc. (Ky.), 493.

Article 2, section 10, not only inhibits the election of one of its members by the general assembly, but incapacitates the member, if elected in violation of this mandate, to hold such office. *Demaree* v. *Scates*, 50 Kan., 275, 32

Pac., 1123, 20 L. R. A., 97, 34 Am. St. Rep., 113; *People* v. *Curtis,* 1 Idaho, 753.

The question occurs of whether the general assembly in exercising its power, and fixing its choice upon Mr. Bratton, one of its members, contrary to law, left a vacancy in office to be filled by the temporary appointing power, or whether Mr. Carey, the incumbent, would hold over.

The board exercised its power, and exhausted it, when it appointed Mr. Carey to the vacancy caused by the death of Mr. Bond, and if the general assembly failed to exercise its power by the election of an eligible successor, Mr. Carey, the appointee of the board, would hold until there was a valid appointment by the general assembly.

Section 3 of chapter 103, Acts of 1909, provides that—"All members of said state board of elections shall continue in office until their successors are elected and qualified."

To this is superadded article 7, section 5, of the constitution (see *Hogan* v. *Hamilton County,* 132 Tenn., 557, 179 S. W., 128), and the well-recognized rules intended to avoid a *hiatus* in office (*State* v. *Spears* [Tenn. Ch. App.], 53 S. W., 247; *State* v. *Malone,* 131 Tenn., 149, 174 S. W., 257; *Baker* v. *Kirk,* 33 Ind., 517; *Thompson* v. *Holt,* 52 Ala., 491).

Upon failure to elect a successor it was held in Missouri and Ohio under constitutional provisions similar to ours, that no vacancy existed to be filled by temporary appointment, and the incumbent would continue in office, because an office is not vacant so long as it is filled by a person in legitimate exercise of its functions. *State* v. *Lusk,* 18 Mo., 333; *State* v. *Howe,* 25 Ohio St., 588, 18 Am. Rep., 321; Throop, Public Offices, sections 323, 330.

Also where the person elected is under legal disqualifica-

tion, or ineligible to hold the office to which he is elected, or should he fail to qualify, the incumbent would hold over. *People* v. *Curtis*, 1 Idaho, 753; *State* v. *Wilson*, 72 N. C., 155; *Commonwealth* v. *Hanly*, 9 Pa., 513.

The right of the incumbent to hold over depends upon whether or not there is a qualified successor within the meaning of the law. There must be, not only an election by an authorized electorate, but the choice must fall upon one who is legally capable of assuming the office. If the person elected could claim no right to the office, it follows that the incumbent would continue in office under a provisional tenure, as a temporary officer, until the election and qualification of a successor.

It is urged for respondent that the general assembly is presumed to have determined his eligibility by electing him, and that such action approximates a certificate of election, and a commission to the office, operating to confer the office upon him until on *quo warranto* his powers are terminated; and that the *prima-facie* title to the office thus conferred by the general assembly must be recognized by the incumbent.

It appears from the petition and answer that respondent was a member of the general assembly that elected him. Under article 2, section 10, of the constitution, he was not eligible and cannot legally qualify for the office. His election was void. It follows, therefore, that petitioner would retain the office temporarily until there is a legal election by the general assembly.

This cause cannot be maintained as an action to determine the title, and secure possession of an office as on proceeding in the nature of *quo warranto*, but pending a peaceful determination of the question of title and posses-

sion the *de jure* incumbent may by injunction restrain the claimant from interfering with his possession, whose election is shown by the petition and answer to be void.

"An injunction will be granted at the instance of an incumbent of office to restrain a claimant for the office from interfering therewith until he has established his claim to the office." 29 Cyc., p. 1416; 22 Cyc., p. 887; High on Injunctions, vol. 2, p. 1030; Pomeroy's Equity Jurisprudence, vol. 5, p. 591.

Mandamus was prayed against the other members of the board, and the chancellor awarded the writ commanding them to recognize petitioner as a member. They had not excluded petitioner from the office. He does not charge that the members of the board had excluded him from any meeting or denied him any right, or that they owed him any duty which they had failed or refused to meet, that they had been guilty of any conduct tantamount to a refusal, or that they owed a general public duty which they had omitted to the injury of the public. The petition recites no essential fact to authorize the writ of mandamus against the other members of the board, and for lack of these allegations in the petition the writ of mandamus was not authorized.

It is the general rule that injunction will not lie to prevent the person in office from exercising his functions pending proceedings to determine the right to the office. 18 R. C. L., 254; 29 Cyc., 1416.

And "the chancery court has no power to enjoin election officers from issuing a certificate of election, or to restrain public officers from assuming their functions, even though it be alleged that there was fraud in the election sufficient to vitiate it." *State* v. *Grindstaff*, 144 Tenn.,

561, 562, 234 S. W., 512; *Hogan* v. *Hamilton County,* 132 Tenn., 554, 179 S. W., 128; *Adcock* v. *Houk,* 122 Tenn., 269, 122 S. W., 977.

But where, as in this case, it appears from the petition and answer that the election was void, and that the person elected is not eligible, and cannot legally qualify, and could be removed from office, under a proceeding in the nature of *quo warranto,* upon assuming the duties, nothing is left open for future litigation. The statements of the petition and answer, without more, settle the question of title to the office, and the right of the incumbent to hold over.

The action of the chancellor in granting the writ of injunction is sustained on behalf of petitioner, the *de jure* incumbent, to restrain the respondent, who is ineligible, and who because of the inhibition of our constitution cannot qualify for the office within the period of his term as a member of the general assembly, and whose election is void. To that extent the decree of the chancellor is affirmed. But in so far as it awards the writ of mandamus his decree is reversed.

The petitioner, John C. Carey, and the respondent, Sam R. Bratton, will each pay half of the cost.