# Richmond

GEORGE W. DeShazo v. D. S. Davis.

January 28, 1932.

Present, All the Justices.

The opinion states the case.

*John W. Carter*, (of Martinsville) and *Horace M. Fox*, for the petitioner.

*R. C. Clement* and *John W. Carter, Jr.* (of Danville), for the respondent.

EPES, J., delivered the opinion of the court.

George W. DeShazo, invoking the original jurisdiction of this court, has filed his petition praying that a writ of mandamus may be issued directed to D. S. Davis requiring him to turn over the office of treasurer of Henry county and all property appertaining thereto to DeShazo. The case is submitted upon the petition and answer thereto.

The petition alleges the following facts:

At the regular November election, 1931, held for the election of a treasurer of Henry county, Virginia, D. S. Davis, the incumbent, George W. DeShazo and J. Ben Davis were candidates. At this election, George W. De-Shazo received a majority of the votes cast. Thereafter, the commissioners of election of the county duly met, canvassed the vote and the returns of the election, ascertained and determined that George W. DeShazo received the greatest number of votes for the office of treasurer, and caused a certificate of election to that office to be regularly issued by the clerk to George W. DeShazo, who, pursuant thereto, duly qualified as such treasurer, made oath, and gave bond, as required by law.

D. S. Davis's term of office expired at midnight, December 31, 1931; and on January 1, 1932, the day on which his term of office began, DeShazo applied to Davis for

admittance into the office of treasurer, exhibiting his certificate of election and proper evidence of his qualification. But Davis refused to turn over and deliver to DeShazo the office and the books, papers, moneys and other things pertinent thereto; and still refuses to do so.

The answer filed by. Davis alleges that he, and not DeShazo, received the greatest number of legal votes cast for treasurer; that there is now pending in the Circuit Court of Henry county a proceeding brought by him to contest the election of DeShazo; and that by statute he, Davis, is entitled to hold the office of treasurer of Henry county until it is determined in the contested election proceedings whether DeShazo has in fact been legally elected to the office of county treasurer.

A copy of the complaint filed in the election contest proceedings is made a part of the answer. This complaint alleges numerous defects in the conduct of the election, which it is contended rendered the election of DeShazo illegal; that a large number of persons, who were permitted to vote and voted for DeShazo, were not legally qualified to vote; and that Davis received the greatest number of the legally qualified votes cast for treasurer in the election.

The contentions of the defendant, Davis, are thus stated in his brief:

"1. That by virtue of the pendency of the contested election proceedings in the Circuit Court of Henry county, Virginia, that court is filled with plenary jurisdiction to decide who is entitled to the office during such pendency, and that the Circuit Court of Henry county is the tribunal which can best decide such matter.

"2. That this proceeding is one to try title to the office aforesaid, and that mandamus is not the proper method of making such a determination, but that an information in the nature of a *quo warranto* is proper for that purpose.

"3. By the filing of the petition in the Circuit Court of

Henry county, contesting the aforesaid election, a serious question of fact is raised, and mandamus cannot lie to determine disputed questions of fact.

"4. It is for the best interest of public policy that an incumbent honestly claiming office under color of right should retain possession of the office pending proceedings to try title thereto, and the respondent being an officer *de facto*, if not *de jure*, has the right as against all the world to hold over and retain possession of the said office pending an election contest brought in the proper tribunal.

"5. Mandamus should be denied where there is an adequate, legal and specific remedy."

While there is some conflict in the authorities on the subject, the weight of authority and, what is more to the point, the better reasoning supports the granting of the writ in this case.

■ Where one has been duly declared by proper authority to have been elected to office at an election authorized by law, has received a certificate of election, regular on its face, and has duly qualified for the office as required by law, he is *prima facie* entitled to the office at the beginning of the term for which he holds the certificate of election. Even though at the beginning of the term there is pending a proceeding to contest the legality of his election, he, and not the incumbent holding over from the preceding term, has the better present, apparent legal right to the office, and it is the duty of the incumbent to deliver up the office to him; and mandamus will lie to compel the hold-over incumbent to perform this duty. This is true notwithstanding the pendency of a proceeding to contest the election, and that the statute provides that such incumbent shall continue to serve until his successor has been elected and qualified. *Trunick* v. *Town of Northview*, 80 W. Va. 9, 91 S. E. 1081; *Griffith* v. *Mercer County Court*, 80 W. Va. 410, 92 S. E. 676; *State ex rel. Hall* v. *Gilmer*

*County Court,* 87 W. Va. 437, 105 S. E. 693; *Richardson* v. *Blackstone,* 135 Md. 530, 109 Atl. 440; *State* v. *Oates,* 86 Wis. 634, 57 N. W. 296, 39 Am. St. Rep. 912; *Ross* v. *Hunter,* 53 Okla. 423, 157 Pac. 85, at page 86; *Eldodt* v. *Territory,* 10 N. M. 141, 61 Pac. 105; *State* v. *Hyland,* 75 Neb. 767, 107 N. W. 113; *State* v. *Quinn,* 86 Neb. 758, 126 N. W. 388; *State* v. *Callahan,* 4 N. D. 481, 61 N. W. 1025; 9 R. C. L. (Elections) section 116 and section 144; *Supervisors* v. *O'Malley,* 46 Wis. 35, 50 N. W. 521, 522; *State* v. *Kersten,* 118 Wis. 287, 95 N. W. 120. See also *Dew* v. *Sweet Springs Dist. Court Judges,* 3 Hen. & M. (13 Va.) 1, 3 Am. Dec. 639; *Sinclair* v. *Young,* 100 Va. 284, 40 S. E. 907; *Smith* v. *Dyer,* 1 Call (5 Va.) 562. The reasoning supporting this view is well illustrated by the following quotations from the cases above cited.

In *Trunick* v. *Town of Northview,* 80 W. Va. 9, 91 S. E. 1081, 1082, the court says:

"We have decided in *Martin* v. *White,* 74 W. Va. 628, 82 S. E. 505, and in *Hutton* v. *Holt,* 52 W. Va. 672, 44 S. E. 164, that mandamus does lie to admit one to office where a clear legal right thereto is shown. The question presented here is, have petitioners shown that clear legal title which entitles them to their seats? It seems to be well settled by numerous authorities that where one has been elected to an office, the vote canvassed by the proper authorities, the result ascertained and recorded, and a certificate of election issued to him, and he has taken the oath required and otherwise qualified, he is *prima facie* entitled to office, and that his predecessor claiming to hold over until his successor has been duly elected and qualified is a mere intruder and that mandamus will lie to compel him to surrender the office to one having the *prima facie* right." * * *

"Of course, the *prima facie* right shown by the returns of an election, and the declaration of the result, is not conclusive of the right of one to continue in office, but the

*prima facie* right, as some of the authorities cited hold, entitles him to be inducted into the office and to remain until his right has been by proper proceedings tried and determined by the proper triers thereof."

In *Richardson* v. *Blackstone*, 135 Md. 530, 109 Atl. 440, 442, the court says:

"A certificate of election having been issued by the clerk of the court, the appellee (assuming there was an election authorized by law) was entitled to the office to which he was returned elected, pending the decision of any contest, or other direct attack that might be instituted; and mandamus is the proper method of obtaining possession of such office. *Brooke* v. *Widdicombe*, 39 Md. 386; *Magruder* v. *Swann*, 25 Md. 173; *Groome* v. *Gwinn*, 43 Md. 572."

*State* v. *Oates*, 86 Wis. 634, 57 N. W. 296, 39 Am. St. Rep. 912, was a case very similar to the case at bar. The court, in its opinion, says:

"It clearly appears * * * that the relator was declared elected to the office of clerk * * * by the board of canvassers of that county; that he received the proper certificate of election to that office; and that he qualified therefore as required by law; also that the defendant was the former incumbent of the office, and has retained possession of the same after the expiration of his term without certificate, commission, or other semblance of authority or right, but he claims he can show that he in fact received the greater number of votes for the office.

"The question first presented is, what effect is to be given to the canvass and certificate of election? * * * The effect which it has, plainly, must be to determine who is elected to the office. Not necessarily to determine the fact permanently, or beyond the possibility of revision or reversal, but to determine the fact for the time being, and until a different result be reached in a proper proceeding to contest the title of the certificate holder to the office. As against any intruder in the office, and in fact as against all the world

except a *de facto* officer in possession of the office under color of authority, the fact is settled by the determination of the canvassers until, in a proper proceeding, that determination is reversed. * * *

"A moment's reflection will convince any mind that this is not only a reasonable doctrine, but the only doctrine which can be tolerated. * * * Plainly·the man with the certificate, and the canvass in his favor, must be admitted to the office, until a competent tribunal reverses the decision of the canvassers. Any other doctrine would be subversive of all law and order. The prior incumbent could as well turn over the possession of the office to another defeated candidate, on the pretense that he knew this other candidate was really elected, as to hold possession himself. Thus, the prior incumbent would become the judge of the *prima·facie* title to the office, instead of the. canvassing board. The opportunities thus afforded to defeated candidates to temporarily thwart the will of the people need only be suggested, they need not be dwelt upon. * * *

* * * "It is apparent that the defendant is in no proper sense a *de facto* officer as against the relator. There has been no canvass or determination by any one in his favor, nor has he any certificate, commission, or authority from any person, officer, or board purporting to authorize him to discharge the duties of the office."

"The defendant not being a *de facto* officer, it was his duty to surrender to the relator the property of the office at the commencement of the relator's term. Such a surrender would have been simply a recognition of the relator's *prima facie* title to the office under the canvass and certificate. It would not have affected any right the defendant might have to contest the election of relator in a proper proceeding. If it was the right of relator to be admitted to the office under his *prima facie* title, and hold it pending a contest, it is evident that the right may be enforced by *mandamus*."

In *Eldodt* v. *Territory*, 10 N. M. 141, 61 Pac. 105, 107, the court says:

"Where one has received an appointment to a public office from the authority vested with power to make such an appointment, and has duly qualified in accordance with statutory requirements, the law will presume, in the first instance, that the appointment was legal, and that the appointee is the rightful incumbent of the office designated in the appointment, and it will, upon his application, assist him to the possession of the insignia, paraphernalia, and everything appertaining to the office. The functions of the writ in such cases are narrow, but they are of vast importance in the orderly administration of government, and it is in this very narrowness that the peculiar power and efficacy of the remedy are founded. There must be some means afforded by the law whereby officials, legally created and qualified, may be enabled to enter, without delay, upon the performance of the duties which the law requires and the welfares of the society demands that they fulfil; otherwise the course of public administration must be constantly obstructed, and its regularity and usefulness greatly impaired. It is, therefore, the established rule in this jurisdiction that mandamus lies to assist to the possession of the insignia and appurtenances of an office one who shows a clear *prima facie* right to it, and that the only question proper to be raised on the proceeding is the question whether a sufficient showing of a *prima facie* right has or has not been made. The question of the actual or ultimate title is not an issue in the case, and no rival claimant may be permitted to delay the relief sought by raising that issue."

In 9 Ruling Case Law section 116, at page 1114, and in section 144 at page 1153 it is said:

"One who retains an office after the expiration of his term claiming that he is reelected, but without color of authority, is not a *de facto* officer as against one who holds the certificate of election to the office, and has qualified as

required by law. The certificate entitles the recipient to exercise the office until the regular constitutional authority shall determine who is the *de jure* officer. The rights of the *de jure* officer attach when he is elected, though the result is unknown until it is declared by the proper constitutional authority. When it is so declared, it is simply the ascertainment of a fact theretofore in doubt or unsettled. The rights of the *de facto* officer under his certificate from the canvassing board are provisional or temporary until the determination of the result of the election as provided in the constitution; and upon that determination, if adverse to him, they cease altogether." (Page 1114.)

██ "In a proper case mandamus is available in connection with the title to office. It must not, however, be assumed to be a substitute for *quo warranto* or other proceeding wherein the facts on which the claim of title may be determined. The distinction between the two remedies is clearly drawn. Mandamus cannot be employed for the purpose of settling conflicting claims to an office. It is no part of its functions to determine contested elections. Hence one who applies for it for the purpose of being admitted or restored to an office must show a legal *prima facie* title, complete in everything but possession, particularly where the office is occupied by another claiming title. If he shows less than this the writ will be denied, for the court will not undertake in this proceeding to try his title. The court will not go behind the certificate, commission, or other declaration of title to the office issued or made by the proper authority to inquire into the ultimate right, and, therefore, in general the court will not permit a mere usurper to place the holder of the legal title in the position of a contestant. The cases in which the writ of *mandamus* lies, in admitting or restoring to office, are where the return to the writ will involve merely a question of law, so that, admitting the facts to be true, a peremptory mandamus ought to be awarded. The true principle underlying the jurisdiction in

mandamus in these cases is that the proceeding can confer no title not already existing, though it may effect the consummation of the relator's title if he has any; but it creates no new title. So where the relator holds a *prima facie* and uncontested title to the office, or his title has been adjudicated and finally established by a competent tribunal, a writ of mandate may be issued to put him in possession of the office and also of the books, papers and other property pertaining to it. * * *

"Nor will the right to the writ be affected by the fact that another claiming a right to the office, or its actual incumbent, may be able by *quo warranto* successfully to contest the relator's *prima facie* title, either on the ground that another received a greater number of legal votes at the election, or that the relator is ineligible, or that the election was illegal." (Page 1153-1154.)

In High's Extraordinary Legal Remedies, under the title of Mandamus, pages 368-369, the author says:

"Whenever the term of an officer has expired, he may be compelled by mandamus to turn over to his successor all records and books pertaining to his office to which the public are entitled to access. And the writ may even be granted for this purpose in aid of the person declared duly elected to the office and holding the certificate of election, and duly sworn, although proceedings are pending to test the legality of his election, since the court by granting the writ does not finally determine upon the legality of the election." Citing *People* v. *Head*, 25 Ill. 325, and *Crowell* v. *Lambert*, 10 Minn. 369 (Gil. 295).

A mandamus will issue as prayed in the petition; but with the proviso that the same is issued without prejudice to the right of D. S. Davis, or any other person, to try the title of George W. DeShazo to the office of treasurer of Henry county in the contested election cause now pending, or by any other proper proceeding brought for that purpose.

*Mandamus awarded.*