Hagan *v.* Henry *et al.*

(*Nashville,* December Term, 1934.)

Opinion filed Dec. 14, 1934.

224

THOS. H. PEEBLES, SR., of Columbia, and ESLICK & HAGAN, of Pulaski, for plaintiff in error.

SETH M. WALKER, of Nashville, and R. E. DOTSON and DAVID RHEA, both of Pulaski, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an election contest, now pending in the circuit court of Giles county. The plaintiff was the incumbent of the office of sheriff and was a candidate to succeed himself at the regular election held in August of this year. The defendant Henry was also a candidate, and received a plurality of 84 votes on the face of the returns. Henry was given a certificate of election by the county board of election commissioners.

The original petition of the plaintiff challenges the qualifications of several hundred voters who cast votes for Henry, and seeks a judgment purging the returns of that number of illegal votes. On that petition, and pur-

suant to its prayer, the circuit judge granted plaintiff a temporary writ of injunction, restraining Henry from interfering with plaintiff's possession of the office, and restraining the county judge, made a defendant to the petition, from inducting Henry into office, pending final determination of the election contest.

The injunction was issued on August 31, the day before the commencement of the new term. Thereafter a supplemental petition was filed, charging that Henry had disqualified himself from taking office by paying poll taxes to influence voters and otherwise purchasing votes.

An answer was filed by Henry, denying that he was the beneficiary of illegal votes, and charging that the plaintiff's total included many such votes, etc.

On October 11, the defendant Henry moved that the injunction be dissolved because illegally issued and for other reasons. That motion has not been acted upon by the circuit court.

The case is before us on Henry's petition, filed December 4, for the writs of *certiorari* and *supersedeas*, and praying that the injunction be adjudged void and superseded, as beyond the power and jurisdiction of the circuit court to issue.

██ ██ If the injunction was beyond the power and jurisdiction of the circuit court to issue, the defendant is entitled to the writs prayed. *Rhea County* v. *White*, 163 Tenn., 388, 400, 43 S. W. (2d), 375. The petition does not seek the writ of *supersedeas* alone, as in *Howell* v. *Thompson*, 130 Tenn., 311, 170 S. W., 253. That case is therefore not controlling here. Nor do we think that the failure of the circuit court to rule on the motion to dissolve the injunction, after a delay of nearly sixty days,

is sufficient to defeat petitioner's right to seek relief by this proceeding.

 Prior to *State ex rel.* v. *Bratton*, 148 Tenn., 174, 253 S. W., 705, 708, our reports contained no exceptions to the rule that an injunction may not issue, in aid of an election contest, to restrain the execution of the will of the voters as certified by the election officers. See cases collected and reviewed in *State ex rel.* v. *Grindstaff*, 144 Tenn., 554, 234 S. W., 510.

The apparent exception made in Bratton's Case was in a proceeding in which "statements of the petition and answer, without more, settle [d] the question of title to the office, and the right of the incumbent to hold over." No questions of fact were involved, and the injunction granted on the pleadings was, in effect, a permanent and not a mere temporary injunction.

The injunction issued by the circuit court in the case before us is a temporary injunction, designed and intended only to protect and continue the plaintiff's possession of the office until the final determination of the election contest. Whether this use of the injunctive process' is within the judicial power of the circuit court, under Code, section 10533, is necessarily depending upon the legality of the result accomplished thereby.

(4) The defendant *Henry*, by reason' of his certificate of election, holds *prima facie* title to the office. *Curtis* v. *State ex rel.*, 163 Tenn., 220, 230, 43 S. W., 391; *State ex rel.* v. *Malone*, 131 Tenn., 149, 170, 171, 174 S. W., 257; *State ex rel.* v. *Wright*, 10 Heisk. (57 Tenn.), 237, 247. In the case last cited the court said:

"Hence the right of contest is intended to be confined, not upon him for whom the largest ballot has been cast, for *prima facie* the office is already his by the voice of

the electors, which is the sole fountain of title. But the contest is upon him who has failed of this *prima facie* title.

"The presumption is in favor of the validity of an election held under the forms of law. That presumption stands for a conclusion until rebutted by proof upon a contest."

As to the effect of this *prima facie* title on the right to the possession of an office pending a contest, we find this early statement of the rule in 10 Am. & Eng. Encyc. Law (2 Ed.), 761:

"As in cases of contest the office ought to be filled by one of the claimants while the' action is pending, it frequently becomes a matter of importance to determine what evidence is sufficient to show which one should hold the possession of the office until the question of the right is settled. And the form of action to determine the right of an incumbent to hold the office depends upon this question. It is, however, well settled, that when it is made the duty of certain officers to canvass the votes, and issue a certificate of election in favor of the successful candidate, a certificate of such officers, regular upon its face, is sufficient to entitle the person holding it to the possession of the office during an action to contest the right, and is conclusive as to third parties and in collateral matters."

This rule that the holder of an election certificate is entitled to possession of the office pending a contest of his election is consistently followed in other jurisdictions. The very great weight of authority supports it. *Harrison* v. *Stroud*, 129 Ky., 193, 110 S. W., 828, 33 Ky. Law Rep., 653, 16 Ann. Cas., 1050; *De Shazo* v. *Davis*, 157 Va., 517, 162 S. E., 320, 81 A. L. R., 614. The cases

are collected and reviewed in the note to the latter case, 81 A. L. R., 620, to which we refer.

Conceding the premise that the certificate of election is *prima facie* title to the office, there does not seem to be any reasonable argument against the rule that this *prima facie* title should prevail until overthrown by final adjudication in the election contest. The holder of the certificate, regularly issued, has the apparent legal right. He, and not the previous incumbent claiming the right to continue in office without color of authority, is the *de facto* officer, and as such is entitled to whatever aid the courts may render in the protection of his possession until the *de jure* officer is ascertained in the election contest. 9 Ruling Case Law, p. 1114, "Elections," sec. 116; *De Shazo* v. *Davis, supra.* Such rule is consistent with the often repeated refusal of this court to concede to courts of chancery the power to hear and determine election contests through the medium of injunction proceedings.

We find no substantial conflict in the authorities with respect to the rule that the certificate of election is *prima facie* title, supporting the right of possession pending a contest of the election. We note, however, conflict in the practice of this jurisdiction with respect to the remedy by which this right may be asserted or protected. In other jurisdictions a proceeding in the nature of *quo warranto* is the proper procedure for the contest of an election, and in a mandamus proceeding the certificate of election may not be impeached by resort to proof of irregularities in the conduct of the election. See cases collected in notes, 81 A. L. R., 620, 84 A. L. R., 1114. The rule of procedure here is the reverse. *State ex rel.* v. *Grindstaff, supra; State ex rel. Pike* v. *Hammons,* 163

Tenn., 290, 43 S. W. (2d), 395; Id., 166 Tenn., 469, 63 S. W. (2d), 660. Our limitation of the inquiry in a proceeding in the nature of *quo warranto* is required by the statute, Code, section 9350 (Code 1858, section 3423), prohibiting its use as a means of contesting an election. *State ex rel. Pike* v. *Hammons* recognizes the proper use of this writ by the holder of a regularly issued election certificate to gain possession of an office, although the possession so acquired would still be subject to an adverse determination of a contest of the election. This case and those which it cites impliedly recognize the right of the holder of an election certificate to possession of the office pending a contest of the election.

We therefore find the present substantive rights of the parties to this litigation to be that the defendant, as the holder of the certificate of election, is entitled by law to be inducted into the office of sheriff and to hold possession of the office until the contest instituted by the plaintiff is finally determined. The merits of the contest are not apparent, and will be adjudicated only after an extensive inquiry into the legality of votes cast for each of the parties. In such a case the continuance in office of the former incumbent by the writ of injunction, issued against the holder of a certificate of election, the regularity of which is not questioned, is without support of statute or precedent, and is beyond the jurisdiction and power of the trial court.

The writs of *certiorari* and *supersedeas* will be issued as prayed, to the end that the injunction issued by the circuit court be superseded. The case will then be remanded to the circuit court of Giles county for further proceedings leading to final judgment. The plaintiff will pay the costs of this court.