STATE *ex rel.* SHOFFNER *v.* SHUMATE, COUNTY JUDGE, *et al.*

*(Knoxville,* September Term, 1938.)

Opinion filed October 15, 1938.

PHILLIPS & HALE, of Rogersville, and ROGERS KIVETT, of Tazewell, for appellant.

J. R. KETRON, of Tazewell, for appellees.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The relator, I. M. Shoffner, was elected County Superintendent of Roads of Claiborne County at the August election, 1938, and was issued an official certificate of election by the County Board of Election Commissioners. On September 1, 1938, relator presented himself for induction into office before defendant, A. G. Shumate, County Judge of Claiborne County, and tendered him the official bond required by law and offered to take the official oath of office. Thereupon, defendant, Jesse L. Russell, who was elected County Superintendent of Roads in August, 1936, appeared before the county judge and asked leave to resist the relator's motion to be inducted into office on the ground that on the day of the election the relator was ineligible to hold office by reason of the fact that, in order to procure his election, he had directly or indirectly given or promised rewards in the way of drink or money to legal voters of Claiborne County in order to induce such voters to support and vote for him, in violation of Section 3, Article 10, of the Constitution of Tennessee. In support of his motion, Russell presented his petition, which had been previously filed, setting out with particularity instances in which relator had offered such rewards. The petition sworn to and a copy thereof had been furnished relator, who was named defendant therein. An answer was filed by relator, in which he specifical-

ly denied the allegations of misconduct contained in the petition, and denied that he was ever ineligible to hold the office of Superintendent of Roads, or any other office in Claiborne County.

The county judge was of the opinion that in view of the charges made it was his duty to hear proof as to the matter set out in the petition, and fixed September third for hearing the matter on its merits. On the day set, the parties again appeared when the county judge declared his incompetency to sit in judgment and transferred the case, as authorized by Code 9909, to the Circuit Court of Claiborne County, there to be tried and determined.

On September 9, 1938, the instant bill was filed, seeking a writ of peremptory *mandamus,* or a writ of mandatory injunction, to compel the defendant, A. G. Shumate, county judge, to induct the relator into the office of County Superintendent of Roads of said county. Other parties were also named as defendants to the bill. A joint and separate answer was filed by the defendants denying the right of the relator to the relief sought. Defendant Shumate, for further answer, said, in part:

"He is not prepared to say whether or not complainant, or relator, is qualified to hold the office of Superintendent of Roads of Claiborne County. . . . When the relator asked to be inducted into office, the defendant, Jesse L. Russell, the present incumbent of the office involved, and a citizen of the county, appeared in person, and by petition sworn to, and resisted relator's induction on the ground that he was ineligible to hold said office; that he was ineligible on the day he was elected; that he had violated Article 10, Section 3, of the Constitution of the State. . . . This defendant was advised that if the charges in the petition were true the relator's

election was void, and that it was proper to hear the charges on their merits before inducting him into office, and if said charges were proven to be true, then the relator had no right to be inducted into office. This defendant believing said charges to have been made in good faith and on sufficient grounds refused to induct the relator into office, and set the matter for further consideration on September 3rd.''

The chancellor heard the cause on bill and answer, and refused the relief sought and dismissed the bill. Appeal was then taken to this court and assignments of error filed.

Section 3, Article 10, of the Constitution of Tennessee is as follows:

''Any elector who shall receive any gift or reward for his vote, in meat, drink, money or otherwise, shall suffer such punishment as the laws shall direct. And any person who shall directly or indirectly, give, promise or bestow any such reward to be elected, shall thereby be rendered incapable, for six years, to serve in the office for which he was elected, and be subject to such further punishment as the Legislature shall direct.''

The insistence for the relator is, in effect, that inasmuch as he was elected to the office of Superintendent of Roads, and was given a certificate of election, the county judge as inducting officer was without power in the circumstances shown in the record to refuse to induct him into office, leaving the question of his ineligibility to be thereafter determined in a suit brought for that purpose. It is stressed that a certificate of election is *prima facie* evidence of the possessor's title to the office, and that induction into office is a ministerial act on the part of the county judge. While these principles are well set-

tled, it seems to us that they are inapplicable to the instant cause. It is conceded that the relator was elected to the office in question, and was issued a certificate of election. The petition filed before the county judge did not question relator's title to the office, but questioned his eligibility to hold the office.

The determinative question in the cause is whether it was error for the chancellor to refuse to require the county judge to induct relator into office, when the answer of the county judge showed the pending of a proceeding brought before him (and transferred to the circuit court) wherein it was charged that the relator had made many promises of reward to voters in violation of Section 3, Article 10, of the State constitution. One of the able counsel for the relator quotes in his brief the following language from *State ex rel.* v. *Wright,* 57 Tenn. (10 Heisk.), 237: "The induction into office by the County Court is purely ministerial," and then adds: "We concede that it may not be so held, when it would be apparent, duly shown by competent evidence, or perhaps within the inducting official's knowledge, that the person seeking induction was ineligible to take the office." It is then asserted that the county judge in the instant cause did not find that relator was ineligible, but stated in his answer that "he is not prepared to say whether or not complainant, or relator, is qualified to hold office." However, it further appears from the answer of the county judge that the charges against relator were made before him, and that "believing said charges to have been made in good faith and on sufficient grounds refused to induct the relator into office, and set the matter for further consideration on September 3rd." The county judge did not try the cause on its merits because he recused himself

and transferred the cause to the circuit court, to be heard by Judge Brown. It was in this situation, with the truth of the charges put in issue by relator's answer, that the instant bill was filed.

The right of an inducting officer to refuse to induct the successful candidate into office, who had rendered himself ineligible, has been upheld by this court. In *Pucket* v. *Bean,* 58 Tenn. (11 Heisk.), 600, the successful candidate for the office of sheriff presented his certificate of election and an official bond to the county judge and asked to be inducted into office. This request was refused on the ground that he was a defaulter and was, therefore, ineligible to hold the office. Thereupon a petition for *mandamus* was filed to compel the county judge to induct the petitioner into office. The county judge replied that Bean had been tax collector, and as such was a defaulter. Upon the trial, the petitioner was shown to be a defaulter, and thereupon his petition was dismissed and upon appeal to this court the judgment was affirmed. In the instant cause the chancellor did not go into the merits of the charges brought against the relator as was done in *Pucket* v. *Bean.* Here, however, it was shown by the record that there was a pending cause in which the guilt or innocence of relator of the charges preferred would be adjudicated.

The case of *Lewis* v. *Watkins,* 71 Tenn. (3 Lea), 174, approved *Pucket* v. *Bean.* See also, *Day* v. *Sharp,* 128 Tenn., 340, 161 S. W., 994; *Zirkle* v. *Stegall,* 163 Tenn., 323, 43 S. W. (2d), 192; *State ex rel. Carey* v. *Bratton,* 148 Tenn., 174, 253 S. W., 705, in which case it was said that a person constitutionally ineligible cannot become the lawful incumbent of an office, although he might,

where there is no obstruction in the way, enter upon the discharge of his duties.

We are cited to no cases holding contrary to the above-mentioned authorities.

██ ██ Counsel for relator rely upon *Hagan* v. *Henry,* 168 Tenn., 223, 76 S. W. (2d), 994, and like cases, in support of the proposition that an incumbent of an office cannot in an election contest enjoin the successful candidate from taking over the office pending the contest. The instant cause is in no sense an election contest, except for jurisdictional purposes. It is true that the incumbent, Russell, brought the charges of bribery against the relator, and thereby enabled himself to retain office until the merits of the charges are determined. But he had the right to prefer the charges. In *Zirkle* v. *Stegall, supra,* the court said [page 327]:

"In two cases this court has said that a suit to prevent the induction of a defaulter into office or to invalidate an election may be prosecuted either by the incumbent of that office or by any other citizen. *Marshall* v. *Kerns,* 32 Tenn. (2 Swan), 68; *Lewis* v. *Watkins,* 71 Tenn. (3 Lea), 174. We are aware that the observations have been alluded to as *dicta* in *Maloney* v. *Collier,* 112 Tenn., 78, 83 S. W., 667, but nonetheless the statements were well considered and have been accepted as law."

Our conclusion is that the decree of the chancellor must be affirmed.