# McMillan *v.* Shipp, City Treasurer, *et al.*

(*Knoxville,* September Term, 1943.)

Opinion filed October 16, 1943.

T. Pope Shepherd and Joe W. Anderson, both of Chattanooga, for appellant.

E. B. Baker, of Chattanooga, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

Following an election for Mayor of the City of Chattanooga, in which T. H. McMillan and E. D. Bass were respectively candidates for the office of Mayor, and in which Bass received a majority of the votes on the face of the returns and was awarded a certificate of election by the Election Commission, suit was brought in the Circuit Court by McMillan to contest the election. Pending final disposition of that case, the bill in this cause was

filed by McMillan, as a citizen and taxpayer of Chattanooga. He set out the facts above recited and alleged that Bass had been inducted into office and was discharging the duties of the office, but, as charged in the suit pending in the Circuit Court, more than two thousand fraudulent and otherwise illegal votes had been cast for him and that he had not been legally elected Mayor. He prayed "that at the hearing an injunction issue restraining the defendant Alvin Shipp, Treasurer, from paying to defendant E. D. Bass the salary attached to the office of Mayor, pending the determination of the contest in the Circuit Court."

A demurrer was interposed on behalf of defendants Shipp and Bass, assigning in six paragraphs the following grounds:

"1. There is no equity on the face of the bill because the bill shows that this action involves a contest of election over the office of Mayor of the City of Chattanooga and is in aid of a pending contest, and that this Court has no jurisdiction to entertain this proceeding.

"2. The Court is without jurisdiction to entertain the action because an election contest is involved, and the action is in aid of a contested election proceedings in the Circuit Court of Hamilton County.

"3. The Court is without jurisdiction to interfere by injunction or otherwise with the performance of the rights and duties of the defendant E. D. Bass as the duly elected and qualified Mayor of the City of Chattanooga.

"4. The Court is without jurisdiction to entertain a contested election case for Mayor of the City of Chattanooga either directly or indirectly by injunction in aid of a pending contest proceedings.

"5. The defendant E. D. Bass as the duly elected, qualified and acting Mayor of Chattanooga is entitled to perform his official duties and receive the compensation provided by law until such time as the contest of election may be sustained by the judgment of the Courts.

"6. The bill presents an issue of fact as to whether or not defendant E. D. Bass was elected Mayor of the City of Chattanooga, and therefore directly involves a contest over such office, of which contest this Court has no jurisdiction."

The Chancellor overruled the demurrer and granted a discretionary appeal.

The view of the learned Chancellor, as indicated in a memorandum opinion brought up in the record, was that the cause does not involve an election contest and that the Chancery Court is not without jurisdiction on this ground. The Chancellor reviewed decisions of this Court, particularly the opinion in *Churchwell* v. *White,* 171 Tenn., 543, 106 S. W. (2d), 225, and correctly construed that opinion to reannounce the rule laid down in previous decisions that the Chancery Court was without jurisdiction to entertain a suit to contest an election, but was of opinion, as before stated, that the instant suit does not involve a contest of the election, or affect the contest filed in the Circuit Court, but merely "seeks to inhibit Mayor Bass from drawing pay from the City as Mayor until the election contest is terminated." In concluding his opinion the Chancellor stated: "The question of whether or not defendant Bass is entitled to his compensation pending the contest of the election in the Circuit Court is not before the Court at this time, and neither is the question as to whether or not an injunction shall issue as prayed in the bill. The prayer

of the bill asks for the issuance of an injunction at the hearing. Both of these questions will arise, if they arise at all, when a final decree is pronounced in the cause."

We agree with the learned Chancellor that this suit does not involve an election contest and that the Chancery Court is not on that ground without jurisdiction entertain the suit, and we think the Chancellor was correct in overruling such grounds of the demurrer as challenged the bill on this theory. However, it will be observed that the fifth paragraph of the demurrer was upon the ground that the defendant Bass, under the facts alleged in the bill, "is entitled to perform his official duties and receive the compensation provided by law until such time as the contest of election may be sustained by the judgment of the Courts." We think this ground of demurrer should be sustained.

In a number of cases this Court has expressly held that the party receiving a majority of the votes cast in an election on the face of the returns, and to whom a certificate of election has been issued by the Election Commission, and who has been duly inducted into and is occupying the office, is entitled to perform the functions of the office pending the determination of a contest over the election. *Adcock* v. *Houk*, 122 Tenn., 269, 122 S. W., 979; *State ex rel.* v. *Grindstaff*, 144 Tenn., 554, 234 S. W., 510, and also expressions in the opinion in the late case of *Churchwell* v. *White, supra.*

In the course of the opinion in the *Grindstaff case, supra*, 144 Tenn., at page 561, 234 S. W., at page 512, the following language, directly in point here, is used: "It is a general rule of law applied in almost all jurisdictions that an injunction will not be granted to prevent a party from exercising a public office pending proceedings to

determine the right thereto. This rule is always applied as to incumbents of offices, and is applied as well where the petition is made by the attorney of the State, as where the application is made by a private citizen."

We have not heretofore in any reported opinion apparently dealt directly with the question of the right to draw the salary attached to the office pending the contest, but we think it necessarily follows that the incumbent whose duty it is to perform the functions of the office pending the contest is entitled to receive the compensation provided by law for such services. It would be contrary to public policy to hold that one who performs the duties of an office shall not receive the compensation that goes therewith.

In this view, complainant cannot have the relief for which he prays, now or at the hearing, and we are, therefore, constrained to sustain the demurrer on the ground stated, reverse and dismiss the suit.