SHUMATE *v.* CLAIBORNE COUNTY *et al.*

ESTES *v.* SAME.

RICHARDSON *v.* SAME.

(*Knoxville,* September Term, 1945.)

Opinion filed January 5, 1946.

JOHN P. DAVIS and BOYD MASON, both of Tazewell, for complainants-appellants.

G. Howard Nevils and J. Kyle Kivett, both of Tazewell, for defendants-appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

All three of the above-styled causes involve the same proposition and will be treated together, as was done by the chancellor.

Complainant Shumate is a former county judge of Claiborne County; Ross R. Estes, a former register of deeds of said county; and Mrs. C. A. Richardson is the widow of C. A. Richardson, deceased, the latter being a former trustee of said county.

All of the above-named parties were the duly elected incumbents of their respective offices. All three were candidates for reelection in the general election of August, 1942. These elections, following a contest, were declared void, and other candidates were given certificates of election by the County Election Commissioners and assumed the duties of the respective offices. These suits undertake to recover the fees and salaries pertaining to said offices.

Demurrers were filed in the causes which were sustained by the chancellor, and this appeal resulted.

In *State ex rel. Davis* v. *Kivett,* 180 Tenn. 598, 177 S. W. (2d) 551, this Court held the regular election of 1942, in which all of the above candidates were successful on the face of the returns, void.

After this Court decided the *Davis case,* A. G. Shumate, who was the *de jure* county judge at the time of the August election, 1942, filed suit against J. Kyle Kivett, who had on the face of the returns been elected to said office in said election, and sought a mandatory injunction to reinstall himself in the office of county judge on the theory

that if the election was void he was entitled to be reinstated as a holdover. The chancellor granted the mandatory injunction, and Kivett filed a petition for *supersedeas* in this Court. This petition was heard before the entire Court in regular session at Nashville, and on March 16, 1944, following memorandum opinion was delivered by Mr. Justice CHAMBLISS:

"A petition is presented praying this Court to *supersede* a mandatory injunction in this cause restraining the defendant Kivett from withholding the office of County Judge and the books, papers, etc., belonging thereto from the complainant Shumate, and directing the sheriff to put complainant in possession of the office. The bill alleged that complainant had been elected to the office at the August election in 1938, had been duly inducted, and had been the *de jure* Judge of the County since. A hearing after notice of this application has been heard by the Court sitting *in banc*.

"The term of Judge SHUMATE expired by law on September 1st, 1942, and he appears not to have been a candidate for re-election, but that, as a result of a contest for the office between John P. Davis and J. Kyle Kivett, Kivett received a majority of the votes on the face of the returns and was issued a certificate of election by the Board of Election Commissioners, and took office and has occupied this office and discharged its duties since.

"It is further alleged that a judicial contest was had and this Court, on February 5th, 1944, entered a decree, affirming the Chancellor, holding the election held in August, 1942, void, but that defendant Kyle [Kivett] nevertheless continues to hold said office.

"The apparent theory of the complainant was and is that, upon the entry of the decree of this Court above mentioned, holding void the election of defendant Kivett,

a vacancy in the office was created, and that he, being the former and last lawful incumbent, became entitled to re-occupy the office as a hold-over, until a successor is elected or appointed.

"However, complainant has proceeded upon an erroneous assumption. In *Hagan* v. *Henry*, 168 Tenn. 223 [76 S. W. (2d) 994], followed in other cases, it was held that upon issuance to one of the contestants for an elective office of a certificate of election by the Board of Election Commissioners and his induction, he acquires *prima facie* the title to the office, and upon induction becomes the lawful occupant thereof. No vacancy results. The hold over of a former incumbent rule has no application. Following the expiration of his term the former incumbent is no longer in the position of a holdover. If and when, as in the instant case, the election of the person who has succeeded to the office and occupied it pending a contest, is adjudged void, this occupant's tenure of office expires and a vacancy results.

"In this view, complainant in this cause was without claim to the office and we are constrained to hold the mandatory order of the Chancellor without legal support. It results that the writ of *supersedeas* prayed will be issued."

We think the principles and reasons given in the above memorandum are determinative in the present causes. There was a vacancy in the three offices, and complainants were not the incumbents either *de jure* or *de facto,* and hence are not entitled to the emoluments of the respective offices.

It results that the decree of the chancellor sustaining the demurrers filed on behalf of the County of Claiborne is affirmed.