JEFFERS *v*. BOTTS.

(*Knoxville,* September Term, 1948.)

(May Session, 1949.)

Opinion filed July 2, 1949.

HOWARD H. BAKER, Huntsville, for appellant.

HOWARD F. JARVIS and W. P. O'NEIL, Knoxville, for appellee.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Complainant Jeffers, a justice of the peace for the Fifth Civil District of Scott County, was defeated by defendant Botts in an election contest for the office in August, 1948. A certificate of election was issued to defendant Botts. Thereupon Jeffers filed a bill in the chancery court setting up that Botts was not a resident of the Fifth Civil District of Scott County, but was a resident of the Third Civil District, and sought an injunction to restrain Botts from assuming the duties of the office. Defendant Botts filed a demurrer to the bill on the ground that the question presented was an election contest and the chancery court had no jurisdiction; that the jurisdiction, under the statute, was in the county court. The Chancellor overruled this demurrer. Defendant Botts then filed an answer and cross-bill setting up the fact that he was a resident of the Fifth Civil District of Scott County, and not a resident of the Third Civil District, thus presenting a question of fact. This being true, the Chancellor held that the chancery court had no jurisdiction over the matter. The appeal is before us on this one question.

In *Churchwell et al.* v. *White et al.*, 171 Tenn. 543, 546-549, 106 S. W. (2d) 225, 226, the Court, in discussing this question, said:

"If the facts presented show an election contest, then, under our holdings, the chancery court had no jurisdic-

tion. *Hagan* v. *Henry,* 168 Tenn. 223, 224, 76 S. W. (2d) 994, 995, and authorities therein cited.

"As stated in *Hagan* v. *Henry, supra,* that prior to the case of *State ex rel.* v. *Bratton,* 148 Tenn. 174, 253 S. W. 705, 708, our reports contain no exception to the rule that an injunction may not issue in aid of an election contest to restrain the execution of the will of the voters as certified by the election officers. The apparent exception in the *Bratton case* was in a proceeding in which, 'Statements of the petition and answer, without more, settle the question of title to the office, and the right of the incumbent to hold over.' No questions of fact were involved, as in this case, and the injunction granted on the pleadings was, in effect, a permanent and not a mere temporary injunction. The presumption is in favor of the validity of an election held under the forms of law. This presumption stands for a conclusion until rebutted by proof upon a contest.

"In the present case the defendant White was the holder of a certificate of election, signed by two of the election commissioners, and valid on its face, and, in order to set aside this certificate, under the facts presented, it was necessary to institute a contest, and under our holdings White could not be deprived of the office by an injunction.

" 'As in cases of contest, the office ought to be filled by one of the claimants while the action is pending, it frequently becomes a matter of importance to determine what evidence is sufficient to show which one should hold the possession of the office until the question of the right is settled. And the form of action to determine the right of an incumbent to hold an office depends upon this question. It is, however, well settled that when it is made

the duty of certain officers to canvass the votes and issue a certificate of election in favor of the successful candidate, a certificate of such officers, regular upon its face, is sufficient to entitle the person holding it to the possession of the office during an action to contest the right, and is conclusive as to third parties and in collateral matter.' 10 Am. & Eng. Encyc. Law, (2d) Ed., 761.

"This rule that the holder of an election certificate is entitled to the possession of the office pending a contest of his election is consistently followed in other jurisdictions. *Harrison* v. *Stroud*, 129 Ky. 193, 110 S. W. 828, 33 Ky. Law. Rep. 653, 16 Ann. Cas. 1050; *De-Shazo* v. *Davis*, 157 Va. 517, 162 S. E. 320, 81 A. L. R. 614.

"As was said in *Hagan* v. *Henry, supra,* by Mr. Justice Swiggart: 'Conceding the premise that the certificate of election is *prima facie* title to the office, there does not seem to be any reasonable argument against the rule that this *prima facie* title should prevail until overthrown by final adjudication in the election contest. The holder of the certificate, regularly issued, has the apparent legal right. He, and not the previous incumbent claiming the right to continue in office without color of authority, is the *de facto* officer, and as such is entitled to whatever aid the courts may render in the protection of his possession until the *de jure* officer is ascertained in the election contest. . . . Such rule is consistent with the often repeated refusal of this court to concede to courts of chancery the power to hear and determine election contests through the medium of injunction proceedings.'

"*State ex rel.* v. *Grindstaff*, 144 Tenn. 554, 234 S. W.

510, was a *mandamus* proceedings involving the right to the office of recorder of the town of Elizabethton.

"In that case, Chief Justice Green pointed out that a *mandamus* suit, however, may incidentally involve the determination of an election contest and that the chancery court had jurisdiction of such a suit, *Lawrence* v. *Ingersoll*, 88 Tenn. 52, 12 S. W. 422, 6 L. R. A. 308, 17 Am. St. Rep. 870, but in the *Grindstaff Case, supra,* this court reversed the decree of the Chancellor insofar as the injunction was sustained, but affirmed the decree as to the *mandamus,* and sent the case back to the lower court for a determination of the rights of the parties on the alternative writ of *mandamus.*

"The exceptions to the general rule seem to be in cases where the question involved is settled upon the face of the record. This was true in *State ex rel.* v. *Bratton, supra,* and *State ex rel.* v. *Hammons,* 166 Tenn. 469, 63 S. W. (2d) 660.

"In the record before us, it would require the taking of proof in the court below to determine issue of fact and to determine irregularities, if any, in the holding of the election, the manner of certifying the returns, and other irregularities complained of.

"We are of the opinion that, under the holding of this court, the record presented is an election contest, and the decree of the Chancellor in denying the temporary injunction and dismissing the bill was correct and is therefore affirmed with cost."

Under the pleadings the demurrer was properly overruled by the Chancellor as "the question involved is settled upon the face of the record." *Churchwell et al.* v. *White et al., supra.* Under the holding in that case, the instant cause would require the taking of proof to

determine whether or not Botts was a resident of the Fifth or Third Civil District of Scott County. This Court has formerly held that the chancery court has no jurisdiction over election contests, but can only determine questions that are apparent upon the face of the record. However, *State ex rel. v. Bratton,* 148 Tenn. 174, 253 S. W. 705, is an exception to this holding, and this case was later approved in *Churchwell et al.* v. *White et al., supra.*

It results, therefore, that as a question of fact is involved, the principles laid down in *Hagan v. Henry, supra; State ex rel.* v. *Bratton, supra;* and *Churchwell et al.* v. *White et al., supra,* control the question here.

Affirmed.

All concur.