## GONZALEZ et al. v. DURAN et al.

### Nos. 12434, 12441.

Court of Civil Appeals of Texas.
San Antonio.

May 28, 1952.

Rehearing Denied June 25, 1952.

Hill, Lochridge & King, Mission, for appellants.

Raymond, Algee, Alvarado, Kazen & Woods, Laredo, A. J. Vale, Rio Grande City, L. Hamilton Lowe, Austin, for appellees.

POPE, Justice.

The question here presented is, which of two groups of claimants should be protected in their offices during the pendency of an election contest.

Two appeals are before us and both will be considered in a single opinion. Appellant Manuel Gonzales, Jr., and others are the duly elected and qualified trustees of the Grulla Independent School District. Appellee Efrain A. Duran and others are the duly elected and qualified trustees of the Rio Grande City Independent School District. On March 29, 1952, separate elections were conducted in the Grulla Dis-

trict and the Rio Grande City District to determine whether those two districts should be consolidated, as permitted by Article 2806, Vernon's Ann.Civ.Stats. The returns were made to and the votes canvassed by the Commissioners' Court of Starr County, who declared the results in each district as favoring the consolidation and the establishment of the Rio Grande City Consolidated Independent School District. The majority in the Grulla District favoring consolidation was about forty votes. The Grulla trustees promptly filed an election contest, stating that about seventy voters in the Grulla District were refused the right to vote and that their votes would have changed the results in the Grulla District and defeated the consolidation. The contest is not before us and has not yet been tried.

Article 2806 provides that the trustees of the district having the greatest number of scholastics shall constitute the trustees for a consolidated district until the next regular election, and in this instance that would be the trustees of the Rio Grande City District. Those trustees, following the declaration of the results, immediately proceeded to organize as the trustees for the new consolidated district. They made demand of the Grulla trustees for the books, records and properties of that district, and completed all acts precedent to the assumption of their new duties. The Grulla trustees refused to meet the demand and have continued in possession of their offices and all the affairs of the Grulla District.

Relying upon their continued possession of the offices and the election contest asserting election irregularities, the Grulla trustees filed a suit seeking a temporary injunction protecting them in that status pending the outcome of the election contest. Grulla's petition stated substantially the above facts. They do not assert facts showing that the election is void. Exceptions to their petition urged that it failed to allege more than irregularities, which must be determined by the election suit rather than an injunction suit, and those exceptions were sustained, from which action there is an appeal.

Relying upon the declared election results in their favor, and the fact that they have done everything necessary to assume their duties as trustees for the Consolidated District, including their organization and a demand on the Grulla trustees, appellee Duran and the other trustees of the Rio Grande City District also filed a suit seeking a temporary injunction, against the depository of school funds and the Grulla trustees to compel the surrender of the school properties and their offices during the pendency of the election contest. That temporary injunction was granted.

Neither appellants nor appellees contend that equity by injunction may supplant the election contest or try the title to the trustee offices, nor that injunction is a substitute for quo warranto proceedings. Crawford v. Maples, Tex.Civ.App., 114 S.W.2d 696; King's Estate v. School Trustees of Willacy County, Tex.Civ.App., 33 S.W.2d 783. But during the pendency of a proper suit to try the title to office, both claimants contend that theirs is the proper status to maintain. The effect of the trial court's order is to recognize the superiority of the declared election results and to maintain that status until the results are set aside.

■ The trial court's judgment will be affirmed. The force of the declared election results, followed by taking every step precedent to the assumption of the duties of office, until set aside by the proper proceeding, is prima facie proof of superior right. As stated in Jackson v. Houser, Tex.Civ.App., 208 S.W. 186, 187: "A proper regard for the orderly administration of government and the acts of its constituted authorities would require that this evidence of right should be conclusive until it should have been otherwise determined in some appropriate proceeding by some tribunal having authority in such matter." It further stated: "It would be a menace to good government to permit the holdover to deny possession of the office to one declared by such authorities to have been duly elected." See Notes, 136 A.L.R. 1340 (1942); 84 A.L.R. 1114 (1933); 81 A.L.R. 620 (1932); 55 C.J.S., Mandamus, § 202; 67 C.J.S., Officers, § 78; 43 Am.Jur., Public Officers, § 480.

This rule is consonant with the reasoning of many authorities:

"Where one has been duly declared by proper authority to have been elected to office at an election authorized by law, has received a certificate of election, regular on its face, and has duly qualified for the office as required by law, he is prima facie entitled to the office at the beginning of the term for which he holds the certificate of election. Even though at the beginning of the term there is pending a proceeding to contest the legality of his election, he, and not the incumbent holding over from the preceding term, has the better present, apparent, legal right to the office; and it is the duty of the incumbent to deliver up the office to him; and mandamus will lie to compel the holdover incumbent to perform this duty. This is true notwithstanding the pendency of a proceeding to contest the election, and that the statute provides that such incumbent shall continue to serve until his successor has been elected and qualified." De Shazo v. Davis, 157 Va. 517, 162 S.E. 320, 321, 81 A.L.R. 614.

"Plainly, the man with the certificate and the canvass in his favor must be admitted to the office, until a competent tribunal reverses the decision of the canvassers. Any other doctrine would be subversive of all law and order. The prior incumbent could as well turn over the possession of the office to another defeated candidate, on the pretense that he knew this other candidate was really elected, as to hold possession himself. Thus, the prior incumbent would become the judge of the prima facie title to the office, instead of the canvassing board. The opportunities thus afforded to defeated candidates to temporarily thwart the will of the people need only be suggested; they need not be dwelt upon. * * * it is apparent that the defendant is in no proper sense a de facto officer, as against the relator. There has been no canvass or determination by any one in his favor, nor has he any certificate, commission, or authority from any person, officer, or board purporting to authorize him to discharge the duties of the office." State ex rel. Jones v. Oates, 86 Wis. 634, 57 N.W. 296, 297.

■ The status protected is that status which has followed the law. If the law were otherwise, a holdover, or one who could maintain his possession by self-help or vi et armis, in the face of results as declared by those governmental officers named by the law, would be protected against those who submitted themselves to the processes of the law. The status that is protected is that which the law says exists during an election contest and not that status asserted by the strong arm of possession pending the election contest. If such were the law, a candidate though defeated, at least temporarily could substitute himself as the legal authority to declare results, could displace elections and constituted authority and government, and remain in possession, however that possession may have been gained.

The Grulla trustees rely upon Baker v. Hill, Tex.Civ.App., 35 S.W.2d 779, 780, as authority for their refusal to recognize the declared election results, but in that case, for more than two years, the trustees of the new district permitted the defeated trustees to proceed with their labors "actively and satisfactorily performing their duties". The new district was never put in operation, nor did the trustees undertake to take over the control and management or otherwise perform the duties of their office. But contrasted with that long laches, the trustees of the Consolidated District promptly organized and performed every step incident to the full assumption of their duties and offices. The only obstacle to the performance of those duties is the refusal by the Grulla trustees to recognize the declared election results.

■ The burden is on the Grulla trustees to overcome the force of the declared election results. The filed, but untried election suit does not establish their prima facie right to continued possession, for otherwise unproved contests would thwart popular election without the necessity of a final de-

cision, and the burden to get a trial and prove his election would be transferred to the contestee.

Ware v. Welch, Tex.Civ.App., 149 S.W. 263, 269, though urged by appellants, is not support for their view. While it states that the one in possession may remain in possession, those that were protected in their office by that decision were those who were " 'duly elected and qualified acting members of the Democratic County Executive Committee' ". The unelected persons were treated as the intruders. Appellants' other authorities are those wherein the protected office holder was the one who had been elected or appointed. These are authorities for the protection of those who submit to the processes of constituted authority rather than those who take affairs in their own hands. Barrett v. Tatum, Tex.Civ.App., 66 S.W.2d 444; Bowen v. Board of School Trustees, Tex.Civ.App., 16 S.W.2d 424; Troilo v. Gittinger, Tex.Civ.App., 230 S.W. 233; Callaghan v. Tobin, 40 Tex.Civ.App., 441, 90 S.W. 328; Callaghan v. Irvin, 40 Tex.Civ.App., 453, 90 S.W. 335, 338; accord, Barrett v. Tatum, Tex.Civ.App., 66 S.W.2d 444. De Shazo v. Webb, Tex.Civ. App., 109 S.W.2d 264, 272, is not authority for the proposition that declared election results must yield to an unproved election contest. The admitted facts in that case were that there was in fact no election at all in one of the districts where necessarily an election should have been conducted. No election is not the same thing as claimed election irregularities.

■ Article 2805a, Vernon's Ann.Civ. Stats., provides for a separate election to determine whether a consolidated district will assume and pay off outstanding bonds and whether a tax shall be levied for that purpose. No such election has yet been conducted and the Grulla District would have a continued existence for the purpose of levying and assessing taxes to pay off its $425,000 bonded indebtedness. Consolidated Common School District No. 5 v. Wood, Tex.Civ.App., 112 S.W.2d 231. That the Grulla District may continue for those limited purposes does not mean that a consolidation election would be inoperative.

The order in cause No. 12434, wherein the trial court sustained exceptions to the pleadings of the Grulla trustees, and the order in cause No. 12441, wherein the trial court granted its temporary injunction against the continued refusal by Grulla trustees to recognize the force of the declared election results, are both affirmed.